## SULLIVAN AD. VS. DEADMAN.

The voluntary appearance of a party to a proceeding in the Probate Court, dispenses with the necessity of the ten days previous notice prescribed by the statute.

The certificate of the notary, who protests a bill of exchange for non-payment, that he has given notice thereof to the drawer, is not sufficient to charge him with notice (4 *Ark.* 189)—there must be actual proof of notice according to the law merchant, or of facts to excuse the want of notice, etc.

*Error to Arkansas Circuit Court.*

Hon. THEODORIC F. SORRELLS Circuit Judge.

GARLAND, for the plaintiff.

It is erroneous to render a judgment against an administrator in the Probate Court for an allowance, without giving him ten days notice of the application, after he has endorsed his refusal to allow the same on the account, note etc.   See *section* 100, *p.* 128, *Dig.; Pennington's ad. vs. Gibson*, 1 *Eng.* 447.

Administrator is not liable on bill of exchange drawn by his intestate, unless he has notice of its dishonor.  *Byles on Bills,* 366 (3 *Amer. Ed.*); 17 *John.* 25; 22 *Pick.* 206; and proof of this must be made by the party suing.

Mr. Justice SCOTT delivered the opinion of the Court.

This cause originated in the Probate Court of Arkansas county, where, after bill of exceptions, it was taken to the Circuit Court of that county.   In the latter Court, the proceedings of the former were in all things affirmed, and the cause was then brought here by writ of error.   The case, then, is

before us, in all things material, as it appeared to the Circuit Court upon the record of the Probate Court.

It was a proceeding to obtain the allowance of a claim against the estate of Milton Walker, deceased, which the administrator of his estate refused to allow. The claim was regularly sworn to according to the provisions of the statute.

It does not appear that any process went out to bring in the administrator, but the record shows that he appeared by attorney, at the July term, 1851, and, upon his motion, the cause was continued until the next regular term, when he again appeared, by attorney, and taking a bill of exceptions appealed to the Circuit Court.

There is, therefore, nothing in the objection taken as to the want of the ten days previous notice prescribed by the statute, any thing in the case of *Pennington ad. vs. Gibson*, (1 *Eng. R.* 447), to the contrary notwithstanding. So far as that case holds a judgment of the Probate Court without previous notice appearing on the record, a mere nullity, that is to be considered as long since overruled by the case of *Borden et al. vs. The State*, (6 *Eng. Rep.*) And so far from that case denying the authority of the Probate Court to proceed without the statutory notice, when the parties enter their voluntary appearance, as seems to be contended by counsel, the effect of the decision is directly to the contrary.

The other objection, however, is well taken; and that will be developed by a further statement of the facts as they are presented in the bill of exceptions. The claim proceeded upon was a bill of exchange, drawn by Walker, the deceased, which had been protested for non-payment. Whether or not it had been previously protested for non-acceptance, does not appear. Upon the trial in the Probate Court, the bill of exchange was read in evidence, and also the protest, and then the plaintiff closed, and there was no further evidence. The protest is in the usual form, and in the body of it refers to the bill of exchange by a copy of it, written on the reverse side of the page containing the protest, which, on that page, is regularly

concluded, and signed and sealed by the notary. This is all that is embraced by the bill of exceptions. But there is copied in the transcript, as from the reverse side of the sheet, not only a copy of the bill of exchange thus made part of the protest by reference, but also an independent certificate of the notary, under his hand and seal, not referred to in the protest, nor in the bill of exceptions; which is to the effect, so far as the drawer is concerned, that notice had been given to him "at Arkansas City, county of Arkansas, State of Arkansas," by putting a written notice, addressed to him at that place, in the post-office in New Orleans, on the day of the protest, in time to go by the first mail.

Upon this state of facts, it is objected that there was a total failure of notice either to Walker, the deceased drawer, or to his administrator; and, as we have said, it is clear enough that the objection is good; because there is not a particle of evidence in the record, that there was ever any attempt to give notice; nor any evidence, either to excuse the want of notice, or to show due diligence on the part of the holder.

In case the certificate of the notary had been read in evidence—and the case of *The Real Estate Bank vs. Bizzle*, (4 *Ark. R.* 189), is a direct authority that it was incompetent— even then, the proof of notice would have been incomplete, because there was no evidence, in connection with it, to show that the post-office at "Arkansas City," to which, it seems, the supposed notice was sent, was such a one as, according to the law merchant, would charge the drawer with notice—as that it was the office to which he usually resorted for his letters; or that he resided in the country and not in town, and that the post-office was the seat of justice for that county; or that he lived in a town where there there was no post-office, and that the office, to which the notice was sent, was the nearest one to which letters addressed to that town were usually sent, etc. (*Story on Bills*, 3 *Ed*. 297, 362.)

It is needless, therefore, to enquire further as to the question of due diligence.

The judgment of the Circuit Court must be reversed, and the cause remanded to that Court, with instructions to hear the cause *de novo*, as where error hath intervened in the doings of the Probate Court. (*Dig., ch. 4, sec.* 181, *p.* 143.)