WAMSLEY v. RIVERS *et al.*

Promissory note: NOTICE OF NON-PAYMENT: CERTIFICATE OF NOTARY. Where the certificate of a notary public expressly stated that he notified the indorser of a promissory note of the non-payment of the maker, and then stated that he gave the notice by depositing a written and printed copy thereof in the mail, directed to the indorser at a certain place, it was *held*, that such certificate established a *prima facie* case against the indorser, and that the *onus* was upon him to show that the place named was not his post-office address, and that the notice did not accomplish the result certified to.

*Appeal from Polk Circuit Court.*

THURSDAY, JULY 25.

ACTION against the maker and indorser of a note for $260, dated Clifton Springs, N. Y., June 25th, 1870, and made by Louisa A. Rivers, payable to the order of John D. Rivers, on the 1st day of December, 1870, at the banking house of B. F. Allen, in Des Moines, Iowa, with seven per cent interest from date. It was indorsed in blank, "John D. Rivers." The plaintiff averred that he owned the note; that it was presented at maturity for payment at the place named; payment was refused, and due notice thereof given to the maker and indorser. Answer in denial. Trial to court. Judgment for plaintiff against both maker and indorser. The indorser, John D. Rivers, alone appeals. For facts, see opinion.

*Rivers & St. John* for the appellant.

*Phillips & Phillips* for the appellee.

COLE, J. — The plaintiff, upon the trial, introduced the note, indorsement, certificate of notary, and proof that the fourth day of December, 1870, came on Sunday, and then rested his case. The notary's certificate contained the

noting: "protested for non-payment December 5, 1870," and also contained the usual recitals, that on the day named, at the request of the holder, he presented the note for payment at the place specified; that payment was refused, and that he duly protested the same, and also contained this language: "Be it known that I, etc.,  *   *   * do certify that, on the day of the date of this protest, I notified the makers and indorsers of the hereto attached note, to wit: Louisa A. Rivers, John D. Rivers, Des Moines; H. C. Brewster, cash, Rochester, N. Y., of the within protest, by notice in writing and print, by me signed, of the same date of the protest, and which I, the same day, delivered in person at the post-office, under cover, as follows: Louisa A. Rivers, John D. Rivers, Des Moines; H. C. Brewster, cash, Rochester, N. Y., postage pre-paid. In testimony whereof," etc.

The point first made by the appellant, the indorser, is, that there is no proof of notice to him of non-payment and protest, for that there is no showing that his residence or post-office address was Des Moines; that the certificate of the notary as above does not show it. Appellant's counsel cite, in support of their position, the case of *Bradshaw* v. *Hedge & Heaton*, 10 Iowa, 402. This case holds, only, that a certificate of a notary that he placed a notice of non-payment in the post-office, directed to ——, etc., without certifying that he notified the indorser, was not evidence of notice to such party. And they also rely upon the case of *Thorp et al.* v. *Craig*, 10 Iowa, 462. But, the opinion in that case shows, that the notary's certificate of protest "does not state that any notice was given to the drawer or indorser." Neither of these cases, therefore, apply to or control the case at bar.

By the law-merchant, the certificate of a notary public, is at least *prima facie* evidence of what it states respecting the matters within the scope of his duty in that transaction. Pars. on Notes and Bills, ch. 14. This was limited to

transactions respecting foreign bills; but by our statute, it now applies to notes and inland bills. Most of the States have established the same rule by express statute. See them stated in note *t*, on page 635 of 1 Pars. on Notes and Bills. Our statute is: "Sec. 4011, The usual protest of a notary public without proof of his signature, or notarial seal, is *prima facie* evidence of what it recites concerning the dishonor and notice of a bill of exchange or promissory note." The certificate of the notary in this case states that " *he notified the maker and indorser.*" This was within the scope of his duty, and his certificate is *prima facie* evidence of that fact. Because the certificate proceeds to state the particular manner in which he did it, does not cast upon the plaintiff the burden of proving that such manner effectuated the distinct fact he certifies to. The certificate is only *prima facie* evidence of the fact that the indorser was notified. He might overturn it by showing that his post-office address, or residence, or place of business, was not as stated by the notary. *Rushworth* v. *Moore*, 36 N. H. 188. A certificate of a notary as to the diligence he used to find the residence, place of business, or post-office address of an indorser, and that he sent the notice accordingly, though it was not received, was held evidence of diligence, and bound the indorser in the case of *Preston* v. *Daysson*, 7 La. An. 714.

By our statute, when a note matures on Sunday, it is to be presented for payment on the following day. Section 1814. And it is also enacted that notice of non-payment, protest, etc., may be given through the post-office, to a party resident in the same town or township. Section 213.

Affirmed.

COLE, J. — After the foregoing opinion was announced, the appellant filed a petition for rehearing. The petition is evidently founded upon a mistaken idea, respecting the point ruled in the foregoing opinion. The appellant

appears to think that, by the opinion, it is *held*, if the notary certifies that " he notified the makers and indorsers," this will be sufficient *prima facie*, although it shall further and affirmatively appear by his certificate, that the method adopted by him in giving such notice did not and could not have effectuated that end, such as, that " I notified the makers and indorsers by notice in writing and print, by me signed, inclosed in envelopes and then by me, at once burned and destroyed." Not so; but the opinion holds that when the certificate of the notary expressly states that he notified the makers and indorsers, and then states the mode in which he did it, that the credit due his certificate of his acts as notary, will generate a presumption, a *prima facie* proof, that the mode adopted, accomplished the result certified to; unless, of course, in the nature of things, it could not do so. In other words, the bare certificate of the notary that he notified the makers and indorsers, is itself *prima facie* evidence that they were notified. If he specifies the mode in which he did it, such specification does not destroy the *prima facie* case, nor render it necessary to prove that such mode would effectuate such result, unless, indeed, it should appear affirmatively that the mode adopted could not have done so. But if the notary only certify the mode he adopted to give the notice, and not to the fact that he did give it; then, unless it further appears that such mode would effectuate notice, the certificate does not make a *prima facie* case. This latter proposition is, in effect, that ruled in the 10th Iowa cases, *supra*. It follows that the judgment was right, and must stand.

Affirmed.