## FULLER & WARREN v. DINGMAN.

1. **Promissory Notes**: WHEN PAYABLE AT A SPECIFIED PLACE: DEMAND AND NOTICE.   It is not necessary, in order to charge the indorsers of a note payable at a place specified, that demand shall be made there.   If the maker or indorser can show that he was there ready to pay the note at maturity, he will be discharged from liability for subsequent interest and costs.

2. ———: DEMAND AND NOTICE: PROTEST.   The certificate of a notary as follows: "I notified the maker and indorsers of the hereunto attached note," was held sufficient to charge the indorsers without further proof that they resided at the place to which the notice was mailed.

*Appeal from Mahaska Circuit Court.*

TUESDAY, OCTOBER 26.

THIS action was commenced October 7, 1873, against the maker and indorsers of a promissory note, of which the following is a copy:

"$2,000.           OSKALOOSA; Iowa, November 2, 1871.

One year after date, I promise to pay W. M. Watts, or bearer, two thousand dollars, for value received, with ten per cent from maturity, payable at Oskaloosa," duly signed by Lawrence Dingman, and indorsed in blank by Craig & Alexander.

The plaintiffs averred the making and indorsing of said note, and that at maturity, November 5, 1872, it was presented for payment, which was refused; that it was duly protested, and notice thereof given to the indorsers.

. The defendants, Craig & Alexander, for answer, admit the execution and indorsement of the note, and deny that it was duly protested or notice given to them.   The maker, Lawrence Dingman, made no appearance, and judgment was rendered against him, by default.   There was a trial to the court, and judgment was rendered against Craig & Alexander for the amount due upon the note, with interest and costs.   Defendants, Craig & Alexander, alone appeal.

*F. M. Davenport*, for appellants.

Where the note is made payable at a specified place, the holder must show affirmatively that he made a demand at the proper time and place to bind the indorser. (*Gage etc. v. D. & P. R. Co.*, 11 Iowa, 310; *Hartford Bank v. Greene*, 11 Id., 174.) The certificate of a notary is evidence only of what it recites. (*Sather & Church v. Rogers*, 10 Iowa, 231.)

*Seevers & Cutts*, for appellee.

COLE, J.—Upon the trial the only evidence of the demand, protest and notice was the certificate of the notary, as follows: "Be it known that on the date hereof, I, W. S. Kenworthy, Notary Public for the county of Mahaska, state of Iowa, duly commissioned and qualified, residing in the city of Oskaloosa, in the said state, at the request of Lindley, cashier, the holder of the original note, which is hereunto attached, presented the same and demanded payment thereon, which was refused. Whereupon, I, the said notary, at the request aforesaid, have protested, and do hereby solemnly protest, against the maker and indorsers of said note. * * * * And do certify that on the day of the date of this protest, I notified the maker and indorsers of the hereunto attached note, to-wit: Lawrence Dingman, in person, and Craig & Alexander, Fuller & Warren and H. E. Lowe, cashier, of the within protest, by notice in writing and print, by me signed of the same date of the protest, and which I on the same day mailed to them, the said Craig & Alexander and H. E. Lowe, assistant cashier. The first addressed Oskaloosa, Iowa, and Fuller & Warren and H. E. Lowe, Chicago, Illinois, and to Lawrence Dingman, Oskaloosa, Iowa. In testimony whereof," etc. * * * *

It is objected, *first*, that the certificate of the notary does not show where the demand was made, or that it was made at 1. PROMISSORY note: when payable at a specified place. Oskaloosa, where the note was made payable. It is a sufficient answer to this objection that it is not necessary in this country to make the demand at the place where the note is payable; and hence, it is not

necessary for the certificate to show that it was made at any place, the rule being that where a note is payable at a particular place, it is not necessary, in order to charge the indorsers, to make the demand there. If the maker or indorsers can show that they had the money at such place to pay the note, such fact will discharge them from liability for interest and costs. 1 Pars. on N. & Bills, 308 and 309, and cases cited in notes.

That a proper demand for payment was made is not denied by the answer. But the appellants claim that the certificate of the notary does not show that they were notified of the non-payment by the maker; and this because the certificate fails to show that the residences of the several parties were at the places where the notices were addressed to them. This objection is fully met by the affirmative statement in the certificate that, "I notified the maker and indorsers of the hereunto attached note." See *Wamsley v. Rivers*, 34 Iowa, 463. The evidence was therefore sufficient to entitle the plaintiff to recover.

2. ——: demand and notice: protest.

AFFIRMED.