SPITLER v. SCOFIELD ET AL.

1. **Adverse Possession:** TITLE BOND: COLOR OF TITLE. Possession of real estate under a bond for a deed is sufficient to charge a purchaser from the obligor with notice of the obligee's color of title, and he takes at his peril.

2. **Public Officer:** PRESUMPTION IN FAVOR OF ACT: SWAMP LANDS. Until the contrary is shown, it will be presumed that public officers have acted in compliance with the law. An appraisement of swamp lands sold by the county officers will be presumed in the absence of proof that no appraisement was made.

*Appeal from Washington District Court.*

THURSDAY, JUNE 15.

THE plaintiff claims that he owns the northwest quarter of southwest quarter of section 7, township 74, range 8, and alleges that defendants make some claim thereto, and asks that his title be quieted.

The defendants, the heirs of Seeley, allege that their ancestor derived title to the land in question from H. & W. Scofield, by deed of warranty, February 6, 1875, and that the Scofields derived title from Washington county. By way of cross-bill they ask that their title be quieted. Upon the evidence submitted the court decreed that plaintiff is the owner of the land and that his title be quieted thereto. Defendants appeal.

*H. & W. Scofield,* for appellants.

*Stone & Folger,* for appellee.

DAY, J.—The land in controversy is swamp land situated in Washington county.

The title of plaintiff is as follows: On the 12th day of September, 1864, the board of supervisors of Washington county sold the west fractional half of the southwest quarter of section 7, township 74, range 8, containing fifty-six acres,

and including the land in controversy, to Hannah Lowe, and executed to her a bond for a deed when the county should obtain title.

On the 17th day of August, 1868, Hannah Lowe assigned this bond to the plaintiff, in consideration of the sum of $200.

On the 28th day of December, 1870, the county obtained a swamp land patent for the lands in controversy, with other lands, which was duly recorded on the 11th day of January, 1871.

On the 11th day of June, 1872, the county of Washington executed to plaintiff a quit claim deed for the land in controversy.

The title of defendants is as follows: On the 18th day of October, 1871, the county of Washington conveyed the land in controversy by deed of warranty to H. & W. Scofield.

On the 27th day of December, 1873, H. & W. Scofield entered into a contract with Julius Seeley, the ancestor of the other defendants, to convey him the lands for the consideration of $160, payable in one year, the deed to be delivered upon payment. On the 6th of February, 1875, the Scofields deeded said land to Julius Seeley.

It appears from the foregoing statement that the Scofields bought from the county, after Hannah Lowe had bought and obtained a bond for a deed, but before the county executed the conveyance to Spitler.

The testimony shows that the land is timber land. Spitler took possession of the land in the spring of 1868, and made such use of it as it was susceptible of in its then condition, cutting timber from it every year.

1. ADVERSE possession: title bond; color of title.

The possession of Spitler was such, at the time the Scofields purchased from the county, as to charge them with notice of his claim, under the doctrines of *Booth & Graham v. Small,* 25 Iowa, 177: *Close v. Samm,* 27 Iowa, 503; *Clement v. Perry,* 34 Iowa, 464, and *Colvin v. McCune,* 39 Iowa, 502.

II.  Complaint is made of the admission of the testimony of Mathew Lowe, husband of Hannah Lowe, as to conversations with Seeley, tending to show his knowledge of the purchase by Hannah. It is claimed this testimony is not admissible

under section 3639 of the Code. We need not determine this question. If this testimony were excluded the result must be the same. We have seen that the title of the Scofields is defective because of Spitler's possession. The same possession continued to the time Seeley bought, and the same fact vitiates his title. Besides, Wm. Scofield testifies that he told Seeley there was an adverse claim, before the deed was made.

III. It is claimed that defendant's cross-bill is not answered, and must be taken as true. No such claim was made in the court below, so far as the record discloses. The plaintiff's testimony was admitted without any objection on this ground.

IV. It is insisted that the contract between the county and Hannah Lowe was a mere agreement to sell, and did not entitle her to possession. We think it constituted a sale, to be perfected by conveyance when the county acquired title.

V. It is claimed that there is no evidence of a compliance with the provisions of chapter 47 of the Revision, or of 2. PUBLIC offi-chapter 67, Laws of 1864, and that it does not cer: presump-appear the land was appraised. Section 4, chap-tion: swamp lands. ter 67, Laws 1864, confers authority to sell at private sale, when the lands have been appraised as provided in the act. Until the contrary is shown it is presumed that public officers discharge their duty, and, as a private sale appears to have been made in this case, in the absence of any proof on the subject, it will be presumed that there was an appraisement.

VI. Lastly, it is suggested that the court erred in entering judgment against H. & W. Scofield, after they had disclaimed any interest in the real estate, referring to Code, section 3275. We have examined the answer, and we fail to find in it any such disclaimer.

It is true, they allege they held possession until they sold to Seeley. But, from the whole tenor of the answer, as shown by the abstract, they seem to unite with Seeley's heirs in the defense interposed. We are of opinion that the decree should be

AFFIRMED.