PHŒBE STILES, ADMINISTRATRIX, *v.* MARTIN INMAN.

1. NOTES AND BILLS. *Pleading and practice. Failure to sue all parties.*
    Our statute requires that in an action on a promissory note or bill of exchange all the parties thereto, resident in the state, shall be sued together. If it appears on the face of the declaration that any such party is omitted in the action, the omission may be taken advantage of by demurrer; but if not, it can only be taken advantage of by a plea in abatement.

Brief for plaintiff in error.

2. SAME. *Non-joinder of parties. When objected to.*

In an action upon a promissory note or bill of exchange, it is too late after trial to object, for the first time, that all the parties were not sued in the same action.

3. DEMURRER TO EVIDENCE. *Effect.*

No objection to the pleadings in a case can be raised by a demurrer to the evidence.

4. NOTES AND BILLS. *Proceedings on protest. Objections thereto.*

The record of the proceedings of a notary public on the protest of a promissory note, unless verified by his affidavit, is incompetent as evidence; but, if no objection .be made when it is offered in evidence, the objection cannot be raised on a motion for a new trial, nor on writ of error.

5. SAME. *Notice of protest. When defective.*

In an action against an indorser of a promissory note, proof that notice of protest was duly mailed and directed to him at a certain place, if there be no evidence that it is his place of residence or of business, or his nearest post-office, or the one where he receives his mail, is not sufficient proof of the notice required. If the indorser had no known place of residence or of business, notice to him was not necessary; but this fact must be shown in evidence.

6. PLEADING AND PRACTICE. *Demurrer to evidence. What to contain. Joinder.*

A demurrer to evidence should be reduced to writing, and recite: first, the organization of the jury; second, a statement of the facts shown in evidence by the plaintiff; third, that the said matters are not sufficient in law to maintain the issue on the part of the plaintiff; fourth, the prayer for judgment. And the plaintiff should join in demurrer, affirming that the matters by him shown in evidence are sufficient, etc.

7. PRACTICE. *Demurrer to evidence. How made part of the record.*

The whole of a demurrer to evidence, including as well the statement of facts as the formal demurrer, should be transcribed on the minutes of the court, and thus become a part of the record. It is irregular to make a demurrer to evidence a matter of record by a bill of exceptions.

8. SAME. *Demurrer to defendant's evidence.*

A demurrer may be taken to the evidence of either party, plaintiff or defendant, holding the affirmative of the issue.

ERROR to the Circuit Court of Warren County.

Hon. UPTON M. YOUNG, Judge.

The case is stated in the opinion of the court.

*J. S. Morris*, for the plaintiff in error.

1. The first question presented is whether the unsworn certificate by the notary public, of his proceedings on protest

of the note, was properly received in evidence. The acts of 1872, page 149, section 12, provide that " the record of a notary " (not a certificate), " or a copy thereof, when verified by the affidavit of such notary, taken before a justice of the peace," shall be evidence, etc. Upon this point see *Grimball* v. *Marshall*, 3 Smed. & M. 359 ; *Booth* v. *Watson*, 5 Smed. & M. 595 ; *Chew* v. *Read*, 11 Smed. & M. 182.

2. It was a gross error of the court below to entertain an action against an indorser alone, the party primarily liable not being joined as a defendant, and no averment of the death, non-residence, or bankruptcy of the maker, as a reason for his non-joinder. The statute expressly requires that the suit shall be brought against all the parties liable on the note, and " in the county where the party first liable shall reside." Code 1871, sec. 2237 ; George's Dig. 89, and the cases there cited. And the fact that this is a suit against an administratrix makes the defense clearly available under a plea of the general issue, or *non assumpsit.* Code 1871, sec. 1183 ; *Harrington* v. *Harrington*, Walk. 305 ; *Boyman* v. *Brown*, 6 How. 349 ; *Gray* v. *Thomas*, 12 Smed. & M. 111 ; *Saunders* v. *Robertson*, 1 Cushm. 389 ; 6 Geo. 540.

*Catchings & Ingersoll*, for the defendant in error.

1. The law with reference to joining all resident parties to a bill or note is the same now as under the act of 1837, and under the Code of 1857, substantially. It was decided under the act of 1837 that the declaration need not aver that the parties not sued are dead, or non-resident, but that, if they are alive and resident, the objection must be pleaded in abatement, unless it appear from the declaration that they are alive and resident in the state, and then the objection may be made by demurrer. *Lillard* v. *Planters' Bank*, 3 How. 78.

2. Was the evidence sufficient to warrant the judgment? The certificate of the notary having been allowed to go to the jury without objection from the defendant, it is too late now to object to its legal competency. As to the distinction between competent evidence and satisfactory or sufficient evi-

dence, Greenleaf on Evidence, volume 1, chapter 1, section 2, is cited. The certificate having been admitted, the only question now is as to its sufficiency. Hearsay evidence, or unsworn testimony, if admitted without objection, cannot be objected to afterwards on the ground of incompetency. The evidence is sufficient if it tended to show protest and notice; and it certainly did that.

SIMRALL, C. J., delivered the opinion of the court.

This suit was begun against T. D. Stiles, alleging a liability as the indorser of the note sued on. His death was suggested, and the suit was revived and continued against Phœbe E. Stiles, his administratrix.

After the plaintiff had closed his testimony to the jury, the defendant demurred to the evidence, which consisted of a promissory note for $1,150, dated Memphis, May 4, 1870, subscribed by J. J. Auter, as maker, payable twelve months after date, at the First National Bank of Memphis, to the order of T. D. Stiles, and by him indorsed in blank. Also the record of the notary public of his demand at the place of payment, the refusal of payment, and his protest; and of how he gave notice, etc., viz.: That on the same day of the demand, May 6, 1871, he "directed a written notice of the above instrument of protest to T. D. Stiles, Esq., Vicksburg, Mississippi, at Memphis, before the departure of any mail, postage paid, and placed the same in the post-office there."

The bill of exceptions recites that no other evidence was offered on either side. The defendant, as recited in the bill of exceptions, "demurred to the evidence, which was agreed to," and the court rendered judgment for the plaintiff for the amount due upon the note.

Two objections are made to the proceedings and judgment of the court: first, that the maker of the note, Auter, is not joined in the suit as a defendant.

The statute requires all parties to promissory notes and bills of exchange, *resident in* this state, to be sued in the same

action. But it has always been held in the construction of this statute that if the residence of the omitted parties does not appear on the face of the declaration to be in this state, then the exception must be taken by plea in abatement. If it does so appear, it may be raised by demurrer. In this case the declaration is silent on the subject.

The objection is too late after trial and judgment. The demurrer to evidence raises the question whether the facts shown in evidence are sufficient in law to maintain the issue, and the demurrant cannot take advantage of any objections to the pleadings. 2 Tidd's Pr. 864.

The second objection is that the notarial record is incompetent evidence, because not verified by the affidavit of the notary, as prescribed by the statute. If that objection had been made when the paper was offered in evidence, it would doubtless have been sustained. But if the defendant did not at the proper time moot that question, he will be esteemed as waiving it. It is precisely like the case of a party objecting in this court to a deed which the plaintiff read in evidence on the trial, because he did not prove its execution. The Circuit Court would not hear such objection on a motion for new trial, much less can it avail on error. There is, however, a fatal defect in the plaintiff's case, which would entitle the plaintiff in error to a reversal of the judgment, and an award of judgment in this court in her favor, if the demurrer on the evidence had been presented in such form as that we could respect it. There was no evidence that Stiles, the indorser, resided at Vicksburg, or that Vicksburg was his place of business, or his nearest post-office, or the one at which he received his mail-matter. For all that appears, the notice might as well have been sent by mail to Boston, or New Orleans. *Walker* v. *Tunstall*, 3 How. 259 ; *Ellis* v. *Commercial Bank*, 7 How. 294.

If at the maturity of the note the indorser has no known place of residence or business, notice is not necessary ; but

the plaintiff must prove the fact. *Tunstall* v. *Walker*, 2 Smed. & M. 638.

On account of the advantages of this mode of procedure, by which the case is withdrawn from the jury and referred to the court for its judgment on the law arising on the facts, it is growing in favor with the profession. But this case is another example of what we have on a former occasion remarked: that the manner in which it may be availed of is not well or generally understood.

There was no mode in which the jury could be compelled to find a special verdict. The demurrer to the evidence is a convenient substitute for the special verdict. The special verdict introduces into the record the facts. The demurrer upon the evidence does precisely the same thing. The whole operation is under the supervision of the court, and it should never be allowed, if it is not a proper case, or if the facts are not correctly and fully stated. 2 Tidd's Pr. 865.

It is altogether irregular to make the demurrer to the evidence matter of record by bill of exceptions. It is as much part of the record proper as the demurrer to pleadings, or the verdict of the jury. Both are of the same nature: the former takes the opinion of the court on the facts shown in the pleadings; the latter, on the facts shown in evidence.

The correct formula is to reduce to writing a recitation, first, of the organization of the jury; second, a statement of the facts shown in evidence by the plaintiff in support of the issue on his side; and then conclude with the allegation that the said matters are not sufficient in law to maintain the plaintiff's issue — wherefore he prays judgment, etc.

The writing incorporating the matters of fact and the formal demurrer should be transcribed on the minutes of the court, and thereby become parcel of the record. 2 Tidd's Pr. ; Walk. Am. Law, 609.

For the purpose of curing the irregularities in our practice, we have been thus minute in the description of the nature and

function of this pleading; and we append to this opinion an approved form of it.

The demurrant in this case made a wide departure from the established practice.

The demurrer, embracing the facts shown in evidence, was not spread on the minutes, nor otherwise manifested, except by the bill of exceptions.

We are not inclined to overlook such grave irregularities as occurred in this case. In reality, the demurrer must have been put in *ore tenus;* and there would have been not so much as a written memorial of it in the papers, but for the necessity of bringing the case to this court, when it was disclosed in the bill of exceptions.

It need hardly be said that this demurrer may be taken to the evidence of that party on whom is the *burden* of *proof* — that is, the party who assumes the affirmation of the issue. It follows that the plaintiff may demur to the evidence of the defendant adduced to maintain an *affirmative* issue by him.

The judgment is reversed and a repleader awarded, and cause remanded.

NOTE.—*Demurrer to Evidence.*— "This day came the parties by their attorneys, and thereupon came a jury, to wit, * * * who being impaneled and sworn the truth to speak upon the issue joined, and the said plaintiff to maintain the issue on his part showed in evidence [here insert the facts proved]. And the said defendant says that the aforesaid matters are not sufficient in law to maintain the issue on the part of the plaintiff, and this he is ready to verify; therefore, he prays judgment that the jury may be discharged from giving any verdict, and that the plaintiff may be barred of his action."

The joinder of the plaintiff in the demurrer may be to this effect:

"And the said plaintiff says that the said matters, etc., by him shown in evidence are sufficient in law to maintain the issue on his part; wherefore, etc."