STATE TRUST COMPANY *vs.* OWEN PAPER COMPANY
& others.

Berkshire.    September 11, 1894. — October 18, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Promissory Note — Indorsement — Variance — Trial — Waiver — Corporation
— Finding.*

The declaration in an action against A., the maker, and B., the indorser, of a
promissory note made to the plaintiff in another State, alleged that B. indorsed
the note in blank before delivery. The answer set up that, by the law of the
other State, B. did not, by signing the note before delivery, become liable to
the payee. The plaintiff filed a replication, stating that, since the action was
brought, he had indorsed the note without recourse above the signature of B.;
and that, by the law of the other State, he was entitled so to do, and B. was
thereby made expressly liable to him upon his indorsement. The note offered
in evidence contained on its back the name of the payee, and the words "without
recourse" written above B.'s name. *Held*, that there was no variance between
the note introduced in evidence and the note described in the pleadings.

In an action upon a promissory note, which was indorsed by the defendant in blank
before delivery, if the plaintiff puts in evidence a written waiver by the defend-
ant of demand, protest, and notice, the defendant is not entitled to a ruling, as
matter of law, in his favor; and if the defendant does not rest his case on the
plaintiff's evidence, but afterwards introduces evidence, he cannot compel the
court to rule upon the plaintiff's evidence.

A paper writing, directed to the payee and holder of a promissory note, signed by
a person who has indorsed the note in blank before delivery, and stating that he
is an indorser and waives demand, protest, and notice, is some evidence, in an
action upon the note, that he understood that he was such an indorser as by due
demand and notice could be held liable on the note to the payee.

In an action upon a promissory note made in another State, payable to a corpora-
tion, and indorsed in blank before delivery, and above which indorsement the
name of the payee and the words "without recourse" were written by the secre-
tary of the corporation after the action was begun, if the judge who tries the case
without a jury finds that, "in the trial of causes in" the other State, "the in-
dorsement of the payee without recourse may be put on at any time before judg-
ment, or, being merely formal, will be assumed to be made," it is immaterial
whether the secretary of the corporation had special authority to make the
indorsement.

A promissory note was made payable to a trust company, signed by a corporation,
and indorsed in blank before delivery by a man who owned nearly all the stock
of the corporation, and by his wife, who was its president, and recited that a cer-
tain number of shares of its stock had been pledged to the payee as security
"with authority to sell the same on non-performance of this promise in such
manner as" the payee, "in their discretion, may deem proper, without notice, . . .
and to apply the proceeds thereon"; and authority was also given to the payee
to purchase at the sale, if at public auction, and it was agreed that the securities,

or any substitutes therefor or additions thereto, were to be held as collateral, and be applicable to any "other note or claim held against us by said company." In an action upon the note, the judge, who tried the case without a jury, found that the female defendant, who alone defended, "signed her name on the back of the note in suit at her husband's request, and to accommodate him either personally or as treasurer of the" corporation, "and that she intended that her husband should use the note, and intended to give her credit to any one who might loan money on it"; and found for the plaintiff. *Held,* that the plaintiff was entitled to judgment on the finding.

CONTRACT, against the Owen Paper Company, a corporation, Henry D. Cone, and Sarah B. Cone, upon the following instrument:

"$25,000.    New York, Nov. 11th, 1891.    On March 11th, 1892, after date, without grace, we promise to pay to the order of the State Trust Company, at the office of said company in the city of New York, twenty-five thousand dollars in gold coin of the United States of the present standard of weight and fineness, or its equivalent, for value received, with interest at the rate of six per cent per annum, having pledged to the said company the under mentioned security (with authority to sell the same on non-performance of this promise, in such manner as they, in their discretion, may deem proper, without notice, either at any brokers' board or at public or private sale, and to apply the proceeds thereon), viz. 25 shares Owen Paper Co. stock. In case of depreciation in the market value of the security hereby pledged, or which may hereafter be pledged for this loan, a payment is to be made on account on demand, so that the said market value shall always be at least . . . per cent more than the amount unpaid of this note. In case of failure to do so, this note shall be deemed to be due and payable forthwith, anything hereinbefore expressed to the contrary notwithstanding, and the company may immediately reimburse itself by sale of the security. It is understood and agreed that, if such sale be by public auction, the said company shall be at liberty to purchase for its own account any property offered at such sale, and it is further agreed and understood that the above mentioned securities, or substitutes therefor, or additions thereto, shall also be held as collateral, and be applicable to any other note or claim held against us by said company, and that in case the proceeds of the whole of the collaterals shall not cover principal, interest,

and expenses, we hold ourselves bound to pay on demand any deficiency.  Owen Paper Co., Henry D. Cone, Tr."

It was indorsed on the back: "Hy. D. Cone, Sarah B. Cone."

The declaration alleged that the individual defendants indorsed the instrument in blank before delivery, and that payment of the instrument was duly demanded of the maker, which neglected to pay the same, and due notice of its non-payment was given to the other defendants.

The answer set up "that, by the alleged contract of indorsement before delivery of the note declared on, the defendants Henry D. Cone and Sarah B. Cone are not liable upon the said note to the payee, the plaintiff herein, and that by the laws of the State of New York, where the contract was made, they did not by signing the said alleged note or contract undertake to pay the said plaintiff the amount of said note, or any sum whatever"; and "that the said alleged contract was made in the State of New York and was there to be performed, and they deny that the plaintiff ever demanded payment of the said note of the maker thereof as required by the law of that State."

The plaintiff filed the following replication:

"And now comes the plaintiff, and admitting that the contract contained in the promissory note set forth in the declaration in this case was made in the State of New York and was there to be performed, but not admitting any other of the facts set up in the defendants' answer, but denying the same, for replication to said answer the plaintiff says that, if the defendants shall prove that the law of the State of New York concerning the contract of indorsement or signature of a promissory note is anywise different from the law of this Commonwealth, it will then appear; and the plaintiff doth allege that the defendants are nevertheless liable to the plaintiff upon said note by the law of New York, and that the defendants Henry D. Cone and Sarah B. Cone signed the same upon the back intending thereby to become liable to the plaintiff thereon, and intending also to become security, surety, guarantor, or indorser for the promisor on said note, and to give the promisor credit with the plaintiff thereon, and the said Sarah B. intending also to give said Henry D. credit with the plaintiff thereon, and that neither said Henry D. nor Sarah B. intended in any event to hold, or to be entitled to

hold, the plaintiff liable thereon, but both of said parties did intend that the plaintiff should rely upon their said indorsements, and the plaintiff did so rely, and took said note on the faith thereof, as said Henry D. and Sarah B. well knew and intended, and that in consequence of said facts the said Henry D. and Sarah B., as well as the said Owen Paper Company, are liable to the plaintiff upon said note by the law of New York. And the plaintiff further says that said Henry D. and Sarah B. did, before the maturity of said note, waive demand of payment and notice of non-payment of said note, but that the plaintiff did make due demand for the payment thereof, which was refused, and that the plaintiff has done in that respect all things required by the law of New York to be done in order to hold the said defendants liable upon said note.

" And the plaintiff further says, that since the bringing of this action it has indorsed said note without recourse above the signature of the defendants Henry D. and Sarah B., and that by the law of the State of New York it is entitled so to do, and that by said law the said two defendants are thereby made expressly liable to the plaintiff upon their said indorsements."

Trial in the Superior Court, without a jury, before *Richardson*, J., who reported the case for the determination of this court. Sarah B. Cone alone defended.   The facts appear in the opinion.

*H. C. Joyner & H. L. Dawes, Jr.*, ( *C. E. Burke* with them,) for Sarah B. Cone.

*J. B. Warner*, for the plaintiff.

FIELD, C. J.   This case was tried by the court without a jury, and comes before us on report.   The court found for the plaintiff, and assessed the damages.

There was no variance between the note introduced in evidence and the note described in the pleadings.   Taking the declaration and the replication together, they correctly describe the facts concerning the form of the note as they appeared when it was offered in evidence,* and by the law of Massachusetts, which was the only law of which the court could take notice at the stage of the case when the objection of a variance was made, the indorsement of the plaintiff after action brought was imma-

---

* The note offered in evidence bore, in addition to the indorsements set forth in the declaration, an indorsement purporting to be by the plaintiff, " without recourse," written above the names of the defendants Cone.

terial. *Austin* v. *Boyd*, 24 Pick. 64. *Pearson* v. *Stoddard*, 9 Gray, 199. *Brown* v. *Butler*, 99 Mass. 179. *Baldwin* v. *Dow*, 130 Mass. 416.

The plaintiff put in evidence a paper signed by the defendant Sarah B. Cone, which was a waiver of demand, protest, and notice. By the law of Massachusetts, on the facts then appearing this defendant was an original promisor; but, under Pub. Sts. c. 77, § 15, to fix her liability she was entitled to have due demand made on the signer of the note, and due notice of such demand, and of its non-payment by him, unless she waived this right; and the paper was evidence that she had waived it. Upon the evidence introduced by the plaintiff it is manifest that the court could not rule, as matter of law, in favor of the defendant. Besides, the defendant did not rest on this evidence, but afterwards introduced evidence, and therefore could not compel the court to rule upon the plaintiff's evidence.

Some evidence of the law of New York was afterwards introduced, we infer by the defendant, and the court found as follows: " By the law of New York, where the note had its inception and was payable, a person who signs his name on the back of a negotiable note payable to the order of any party, and before the delivery of such note to the payee, is presumed to have signed with the intention of assuming the liability of a second indorser, and expecting the payee to indorse in full above his indorsement, and expecting to have recourse to the payee if compelled to pay the note, and that the payee cannot therefore enforce the note against such an indorser in the absence of evidence of a different understanding, but that this presumption is *prima facie* only, and may be rebutted or overcome by evidence showing that the indorser indorsed the note with the purpose of giving it credit with the payee, or intending to assume the position of indorser as toward the payee, or as surety or accommodation indorser for the maker with the payee, and that in any of these cases the payee may indorse the note without recourse and recover against such indorser, and that in the trial of causes in New York the indorsement of the payee without recourse may be put on at any time before judgment, or, being merely formal, will be assumed to be made. I also find that by the law of New York an indorser before delivery of a non-negotiable note is liable to the payee on the note as maker or guarantor."

The report recites that these findings as to the law of New York were not objected to by either party, and the evidence on which these findings were made is not before us.

The plaintiff, in rebuttal, put in evidence the answers of the defendant Sarah B. Cone to interrogatories filed by it, and also evidence that the indorsement of the plaintiff put on after suit brought was in "the handwriting of one J. Q. Adams, the secretary of the plaintiff company." The court found as follows: "I find upon the defendant's answers to the interrogatories to her, hereto annexed, and the said paper A (waiver of demand and notice), that the said defendant Sarah B. Cone signed her name on the back of the note in suit at her husband's request and to accommodate him either personally or as treasurer of the said Owen Paper Company, and that she intended that her husband should use the note and intended to give her credit to any one who might loan money on it. I do not find that she had any affirmative intention to assume merely the position of indorser after the plaintiff, nor had she any special affirmative intention as to this plaintiff particularly, in any way beyond that above stated, i. e. her intention to give her credit to any one who might loan money on the note."

The court also found as follows: "I find that if the note is negotiable, which I do not decide, — no evidence as to the law of New York was put in by either party on this point, — the plaintiff was entitled by the law of New York to indorse it without recourse and to hold the defendant liable as indorser; and if the note is not negotiable, then I find the defendant is liable thereon by the law of New York to the plaintiff as guarantor, and on the whole case that the plaintiff is entitled to recover from the defendant the amount of the note and interest." The defendant objected to the findings as to her liability, as not warranted by the evidence and the law of New York.

The report was amended, with the consent of the presiding judge, by a stipulation of the parties to the effect "that the law of New York regarding the negotiability of a promissory note is as stated in the case of *Hodges* v. *Shuler*, 22 N. Y. 114."

We assume, in favor of this defendant, without deciding it, that whether this is a negotiable promissory note, so far as the rights of the parties to it are concerned, is to be determined by

the law of New York, and that by that law the note should be considered as negotiable.

The defendant made twenty requests for rulings. The principal contention of the defendant is that the contract was to be governed by the law of New York, but this was the rule adopted by the court. All rulings requested on this subject have therefore become immaterial. The only requests which we think require to be noticed are the requests for rulings " that the legal effect of said waiver [waiver of demand and notice] was to excuse the making of demand and giving notice of dishonor, and beyond that it is evidence of nothing"; and " that there is no evidence of the indorsement of the State Trust Co. except evidence that it was written by the secretary, and there is no proof that he had any special authority to make the indorsement." We think that the paper A, which was signed by this defendant, and was directed to the State Trust Company, and in which she states that she is an indorser and waives demand, protest, and notice, was some evidence against her that she understood that she was such an indorser as by due demand and notice could be held liable on the note to the State Trust Company. The signing of such a paper was open to explanation, undoubtedly, but the explanation might not be satisfactory.

The court having found " that in the trial of causes in New York the indorsement of the payee without recourse may be put on at any time before judgment, or, being merely formal, will be assumed to be made," it was immaterial whether the secretary of the company had special authority to make the indorsement. It is not worth while to consider whether as secretary he had any such authority by virtue of his office, because the company by insisting upon the indorsement at the trial ratified what he had done.

The form of the note itself was some evidence that it was to be used in borrowing money of the plaintiff, and the whole evidence was sufficient to warrant the finding of the court in favor of the plaintiff. The defendant Sarah B. Cone was president of the Owen Paper Company, and had held that office since June, 1864, and with her husband owned nearly all the stock of the company. The note not only promises to pay to the order of the plaintiff, a trust company, the sum of twenty-five thousand dollars, but it recites that " 25 shares Owen Paper

Co. stock" have been pledged to the plaintiff as security, "with authority to sell the same on non-performance of this promise, in such manner as they [the plaintiff], in their discretion, may deem proper, without notice, . . . and to apply the proceeds thereon," etc.; and authority is given to the plaintiff to purchase at the sale, if at public auction, and it is agreed that the securities, or any substitutes therefor or additions thereto, are to be held as collateral, and be applicable to any " other note or claim held against us by said company," etc. It is plain that the court could have found from the fact of this defendant having indorsed a note of this form before it was delivered to the payee, who is the plaintiff, that she expected it would be used to obtain a loan of money from the plaintiff, and understood that her name was required as additional security to the plaintiff that the note would be paid. There should be judgment on the finding.

*So ordered.*