CHARLES E. LEGG & another *vs.* WILLIAM L. VINAL
& others.

Suffolk.    November 14, 15, 1895. — April 2, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Promissory Note — Evidence — Certificate of Notary — Demand of Payment —
Form and Sufficiency of Protest — Notice of Non-payment — Notarial Fees
of Protest.*

The certificate of the protest of a promissory note by a notary public is admissible
in evidence in an action by the payee of the note against a person who signed
it on the back thereof before delivery.

Where a promissory note is signed by A. and B. on the back thereof before de-
livery, it is not necessary to show, in an action against them by the payee, that
a demand for payment was made upon A., in order to hold B.

The protest of a promissory note, stating that the notary went with the original
note and demanded payment thereof at the promisor's office at a place named,
and that the person in charge answered, " No funds," is sufficient in form.

A notice by a notary, who has protested a promissory note, to A., who signed the
note on the back thereof before delivery, setting forth the dishonor of the note,
its protest for non-payment, demand of payment and refusal to pay, and that
the holder looked to A. for payment, is sufficient.

The statement in the protest of a promissory note, that, the note remaining un-
paid, the notary " duly and officially " notified a person who signed the note on
the back thereof before delivery of its dishonor, by written notice sent by mail
to a certain town requiring payment, is sufficient, without also stating that such
town was his correct residence or address.

In an action upon a promissory note, which has been protested for non-payment,
the plaintiff is entitled to recover the notarial fees of protest.

CONTRACT by Charles E. Legg and Bruce W. Hobbs, copart-
ners as Legg, Hobbs, and Company, against William L. Vinal,
J. Benjamin Palmer, and Thomas W. Lawson, upon a promis-
sory note for $3,791.20, dated December 7, 1892, payable in
four months after date to the order of the plaintiffs, signed by
the defendant Vinal, and indorsed by the other defendants, who
were alleged to have written " their names upon the back of
the note before the delivery thereof to the plaintiffs "; and pro-
tested for non-payment.    Trial in the Superior Court, without
a jury, before *Sherman, J.,* who found for the plaintiffs; and,
at the request of the defendants, reported the case for the de-
termination of this court.    The facts sufficiently appear in the
opinion.

*H. Albers,* for the defendants.

*C. H. Stebbins,* for the plaintiffs.

LATHROP, J. The defendants Palmer and Lawson alone contest their liability on the promissory note declared on.

We assume that the defendants named are co-makers of the note in suit, and that by the Pub. Sts. c. 77, § 15, they have the right " to notice of non-payment, the same as an indorser." *Mulcare* v. *Welch,* 160 Mass. 58. *State Trust Co.* v. *Owen Paper Co.* 162 Mass. 156. The question then arises whether the certificate of the notary was admissible in evidence. By the Pub. Sts. c. 77, § 22, it is provided: " The protest of a bill of exchange, note, or order, duly certified by a notary public under his hand and official seal, shall be *prima facie* evidence of the facts stated in such protest, and of the notice given to the drawer or indorser." The defendants contend that, as they are not drawers or indorsers, the statute does not apply to them. But we are of opinion that, taking this section in connection with § 15, the provisions of § 22 apply to persons who are to receive notice as indorsers.

The defendants further contend that a demand was necessary upon Palmer in order to hold Lawson, but we find nothing in § 15 to warrant such a contention. This is not the case of an indorsee suing an indorser, where no demand has been made upon all the joint promisors, as in *Union Bank* v. *Willis,* 8 Met. 504, but of the payee suing the joint promisors. In such a case, while § 15 requires notice of non-payment to be given to those whose names are on the back of the note, no demand upon them is necessary.

Several objections are made to the form of the protest. It is said that the protest does not show that presentment of the note was made. The protest states that the notary went with the original note, and made demand thereof at the promisor's office, 64 Federal Street; and the person in charge answered, " No funds." If we assume that, under § 15, the defendants were entitled to anything more than notice of non-payment, we still are of opinion that the protest in this respect is sufficient. While the maker of a note is entitled, upon demand for payment, to have the note exhibited to him, yet if he does not ask to see the note, and refuses to pay it on other grounds, this is a suffi-

cient presentment to bind an indorser. *King* v. *Crowell*, 61 Maine, 244. *Lockwood* v. *Crawford*, 18 Conn. 361, 373.

The notice to Lawson was put in evidence by the agreement of parties. It sets forth the dishonor of the note, its protest for non-payment, demand of payment and refusal to pay, and that the holder looked to Lawson for payment. This notice is more full than the one held to be good in *Housatonic Bank* v. *Laflin*, 5 Cush. 546. There the notice simply stated that the note (which was described) was protested for non-payment, and that the holders looked to the person to whom the notice was sent for payment. This was held to be enough. See also 2 Ames, Bills & Notes, 368, 378, and cases cited.

The notice to Palmer was not put into the case; but the protest sets forth that, the note remaining unpaid, the notary " duly and officially " notified him of said dishonor, by written notice sent him per mail to Peabody, Massachusetts, requiring payment. No objection is made to the sufficiency of this statement, except that it is argued that the protest should also have stated that Peabody was his correct residence or address. The authorities upon this point are conflicting. In support of the defendant Palmer's contention are *Sprague* v. *Tyson*, 44 Ala. 338, *Turner* v. *Rogers*, 8 Ind. 139, *Sullivan* v. *Deadman*, 19 Ark. 484, and *Stiles* v. *Inman*, 55 Miss. 469. But in *Bank of the United States* v. *Smith*, 11 Wheat. 171, the only evidence of notice of dishonor was the testimony of a notary, to the effect that on the day of the dishonor he put in the post office notice of non-payment addressed to the defendant at Alexandria. On a demurrer to the evidence, it was held by the Supreme Court of the United States that this was sufficient to charge the indorser; and that the jury would have been warranted in inferring that the defendant's residence was in Alexandria. To the same effect is *Linkous* v. *Hale*, 27 Grat. 668, which also came up on a demurrer to evidence; and in *Wamsley* v. *Rivers*, 34 Iowa, 463, the same was held under a statute similar to our own. The better view seems to us to be that it is fair to presume, in the absence of evidence to the contrary, that the notary, who is a public officer, has ascertained where the indorser lived, and has correctly stated his place of residence. Indeed, in the case at bar no specific objection of this sort was made. If it had been, the

plaintiff might have shown this fact.   All the objections were of the most general kind, a practice not to be favored.

The remaining question is whether the plaintiffs were entitled to recover the notarial fees of protest.   There is no doubt that these fees could have been recovered if this had been a foreign bill of exchange.   But it was held in *City Bank* v. *Cutter*, 3 Pick. 414, that such fees could not be recovered in the case of a domestic note.   The reason given is, that " the agency of a notary is not necessary, however it may be for the convenience of the parties." The authorities upon this point are not uniform.   See 2 Ames, Bills & Notes, 205, 206, and cases cited; 2 Dan. Neg. Instr. (4th ed.) § 933.   But the case of *City Bank* v. *Cutter* has never been controverted in this Commonwealth, and, so far as we are aware, has always been followed in practice, until the St. of 1880, c. 4, now embodied in the Pub. Sts. c. 77, § 22.   The act of a notary public, prior to the passage of the St. of 1880, c. 4, in protesting a promissory note, was not considered as an official act, although, if he died before the trial, his written memorandum was admissible as secondary evidence.   *Porter* v. *Judson*, 1 Gray, 175.   The statute in question makes the protest of the notary, under his hand and official seal, *prima facie* evidence.   In *Johnson* v. *Brown*, 154 Mass. 105, it was held, under this statute, that a protest of a promissory note was admissible without proof of the signature of the notary, or that he was a notary at the date of the protest.   A protest of a note under this statute is put on the same footing as the protest of a foreign bill of exchange, and there is no good reason why the notarial fees should not be allowed, as in the case of a foreign bill of exchange.

*Judgment on the finding.*