IOWA LOAN COMPANY, Appellee, v. TERESA O'CONNELL, Appellant.

Execution sale: VALIDITY: BURDEN OF PROOF. Where a decree and
1  execution bear the same date it will be presumed that the execution was not issued until after the decree was entered: but this is a fact question with the burden on the party attacking a sale thereunder.

Same: PROOF OF IRREGULARITY. To overcome the presumption of
2  regularity in the proceedings leading up to a sale on execution the evidence must be clear and satisfactory.

*Appeal from Linn District Court.*— HON. B. H. MILLER, Judge.

MONDAY, MAY 5, 1908.

SUIT in equity to enjoin defendant from interfering with plaintiff in the possession of certain real estate. The trial court granted the relief asked and defendant appeals. — *Affirmed.*

*Teresa O'Connell,* Appellant, *pro se.*

*John A. Reed* and *W. E. Lamb,* for appellee.

DEEMER, J.— Defendant at one time owned the property in controversy. It was sold at sheriff's sale, and plaintiff holds a sheriff's deed thereto. It is claimed that the

1. EXECUTION
SALES:
validity:
burden of
proof.

execution under which the sales were had which resulted in the making of the sheriff's deed were issued out of the district court before any judgment or decree was entered authorizing the same. This is purely a fact question, with the burden upon the defendant and appellant. On the face of the records

the decrees and executions issued thereunder bear the same dates; but it is presumed that the officers who entered these decrees did their duty, that they were entered on the date mentioned, and that no executions were issued until the decrees were properly entered. *Callaghan v. Myers,* 128 U. S. 617 (9 Sup. Ct. 177, 32 L. Ed. 547); *Hoffman Granite Co. v. Stark,* 132 Iowa, 100; *Spitler v. Schofield,* 43 Iowa, 571; *Miller v. R. R.,* 119 Iowa, 41; *Rowan v. Lamb,* 4 G. Greene, 474; *Knox v. Bank,* 147 U. S. 91 (13 Sup. Ct. 267, 37 L. Ed. 93).

In addition to this the deputy clerk testified that the decrees were entered prior to the issuance of the executions; and an employé in the clerk's office testified that it was the

2. SAME:
proof of
irregularity.        custom of the office to enter decrees as soon as they were filed. There is really no testimony to overcome the presumption or to meet the evidence to which we have referred; and it is well settled that to overcome the presumption of regularity in such proceedings as this the testimony must be clear and satisfactory. *Miller v. R. R. Co.,* 119 Iowa, 41; *Wyland v. Frost,* 75 Iowa, 209.

The trial court was right in entering its decree, and the same must be, and it is, *affirmed.*