SARAH GREENSTEIN vs. LAWRENCE KUCHARSKI ET AL.

First Judicial District, Hartford, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Under § 4428 of the General Statutes, presentment of a promissory note for payment, while not necessary to charge the maker, is, except in certain instances, a condition precedent to the liability of an indorser.

Among the essentials of a sufficient presentment for payment, which consists of something more than a mere demand, is the provision of § 4432 that the instrument "be exhibited to the person from whom payment is demanded." This requirement of actual exhibition can only be dispensed ·with when it appears that the maker did not demand to see the note but refused payment on other grounds.

Argued January 3d—decided January 27th, 1928.

ACTION by the holder against the maker and indorser of a promissory note, brought to the Superior Court in Hartford County and tried to the Court, *Yeomans, J.;* judgment for the plaintiff, and appeal by the defendant Sam Schneider. *Error; judgment directed for defendant Schneider.*

*William F. Mangan,* for the appellant (defendant Sam Schneider).

*William M. Greenstein* and *William E. Egan,* for the appellee (plaintiff).

HINMAN, J.  The finding states that on September 30th, 1925, the defendant Kucharski executed and delivered to the defendant Schneider his note of that date for $1,000.  The note was, by its terms, payable $50 one month from date and $50 at the expiration of each period of one month thereafter until paid in full; "provided, however, that if any installment of principal or interest upon this note be not paid within fifteen days after the same becomes due and payable, . . . then in any such event, the unpaid balance of this note shall become due and payable upon demand."

On October 16th, 1925, Schneider indorsed the note to the plaintiff with recourse.  The first instalment became due on October 30th, 1925.  No demand or presentment for payment was made to the maker either on October 30th, 1925, or November 14th, 1925, on which latter date the fifteen-day period mentioned in the note expired.  On December 10th, 1925, an agent of the plaintiff demanded payment from Kucharski; he did not pay the note, and on December 11th, 1925, the plaintiff gave notice to Schneider of such demand and refusal.

From these facts the court reached the conclusion that the note became a demand note on November 14th, 1925, held that the demand on the maker on December 10th, following, and notice to the indorser on December 11th were sufficient to charge both with liability on the note, and rendered judgment accordingly.

The appellant contends, correctly, that the facts found and the conclusions stated do not support a judgment against him, as indorser, because they do not disclose that the note was "presented for payment" as required by § 4428 of the General Statutes, under

which, while presentment is not necessary in order to charge the person primarily liable, it is necessary, except in certain instances not applicable in the present case, in order to charge indorsers. Succeeding sections prescribe in detail the requisites of a sufficient presentation. General Statutes, §§ 4429, 4430, 4431, 4432. One of these essentials is that "the instrument must be exhibited to the person from whom payment is demanded." General Statutes, § 4432. A valid and sufficient presentment consists of something more than a mere demand for payment. The person making demand must have the instrument in his possession at the time and place of demand. The requirement that it be exhibited is in order that the maker may be able to judge of the genuineness of the instrument and of the right of the holder to receive payment, and that he may immediately reclaim possession upon paying the amount. Crawford's Annotated Negotiable Instruments Law (3d Ed.) p. 103; 3 R.C.L. p. 1204; *Gilpin* v. *Savage,* 201 N. Y. 167, 94 N.E. 656, 34 L.R.A. (N.S.) 417, Amer. & Eng. Anno. Cas 1912A, 861. Actual exhibition is not necessary when the maker does not demand to see the note but refuses payment on other grounds. *Lockwood* v. *Crawford,* 18 Conn. 361, 373; *Legg* v. *Vinal,* 165 Mass. 555, 43 N.E. 518; *Waring* v. *Betts,* 90 Va. 46, 17 S.E. 739. However, it must appear that this requirement was so dispensed with.

The record in the present case discloses no finding that presentment, in the manner contemplated by the statute, was made at any time, nor are facts constituting such a presentment, or waiving or excusing omission of any of the statutory requisites, stated in or fairly inferable from the finding; therefore this prerequisite to liability on the part of the appellant, indorser, is lacking. Mere demand upon the maker, Kucharski, which is the utmost the finding reveals,

while sufficient to charge him, as the person primarily liable, was unavailing as against the indorser, Schneider, under § 4428 of the General Statutes.

For this reason the appellant must prevail and consideration of the other questions sought to be raised is unnecessary.

There is error, the judgment against the defendant Schneider is set aside and the cause remanded to the Superior Court with direction to enter judgment in his favor.

In this opinion the other judges concurred.