JOHN GARGIULO ET AL. *v.* EASTERN AUTO SALES, INC., ET AL.

O'SULLIVAN, C. J., BALDWIN, WYNNE, DALY and KING, Js.

Argued May 8—decided June 12, 1957

*Benjamin M. Chapnick,* for the appellants (plaintiffs).

*T. Holmes Bracken,* for the appellee (defendant Casanova).

*Anthony V. DeMayo,* for the appellees (defendants Parilla).

DALY, J. Although the complaint contained two counts, we are concerned only with the second, by which the plaintiffs sought to recover the amount alleged to be due upon a promissory note made by the named defendant and indorsed by the other three defendants. Each of the indorsers averred, by way of special defense, that when the note fell due it was not presented for payment and was not protested for nonpayment and that neither notice

of nonpayment nor notice of protest was given to them. The court rendered judgment for the plaintiffs to recover of the named defendant the amount due on the note, and in favor of the other defendants, the indorsers. The plaintiffs have appealed from the judgment.

In one of their assignments of error the plaintiffs claim that the court erred in refusing to find material facts as set forth in ten paragraphs of their draft finding. They assert that these were admitted or undisputed facts. Facts are not admitted or undisputed merely because one or more witnesses testify to them. The trial court is the final judge of credibility and may disbelieve a witness as to part of his testimony and accept it in other respects. *Clark* v. *Haggard,* 141 Conn. 668, 674, 109 A.2d 358; Practice Book § 397. The plaintiffs claim, also, that the court erred in finding, without evidence, the facts set forth in nine paragraphs of the finding. As the plaintiffs do not mention this assignment of error in their brief, we treat it as abandoned. *Lockwood* v. *Wilson H. Lee Co.,* 144 Conn. 155, 160, 128 A.2d 330. Five rulings on evidence are assigned as error. The trial court did not err in making the rulings complained of.

The finding, which is not subject to correction, contains the following material facts. On May 28, 1953, and for some time prior thereto, the plaintiffs, John Gargiulo and Joseph Gargiulo, had a garage business at 94 Hill Street in East Haven. On May 28, 1953, the named defendant made a promissory note for $1450 payable to the order of the plaintiffs three months after date. Before the note was delivered to the plaintiffs, it was indorsed by the defendants Daniel A. Parilla, James T. Casanova and Richard A. Parilla. The note was

payable at the plaintiffs' place of business. The named defendant terminated its business in July or August, 1953, before the note became due. The officers and directors of the named defendant were James T. Casanova, Ann Casanova, Daniel A. Parilla and Marie Parilla. They all lived in East Haven. On Friday, August 28, 1953, the plaintiffs waited at their place of business for the defendants to pay the note but did not see or hear from any of them until after 6 p.m., when Joseph Gargiulo telephoned the defendant Casanova at the latter's home and demanded payment of the note. On Saturday, August 29, John Gargiulo took the note to a package store operated by Daniel Parilla in East Haven and, while there, talked to Richard Parilla but did not exhibit the note to him then or at any other time. John asked Richard what was to be done about payment. Richard told him to see the defendant Casanova. The note was not exhibited to the named defendant, to Casanova or to Daniel Parilla at any time. Notice of nonpayment was not given by writing, or otherwise, to any of the indorsers prior to August 31, 1953.

The plaintiffs maintain that their failure to make presentment to the maker, the named defendant, did not justify the trial court's conclusion that the indorsers were not liable. This assertion is based upon their claim that the maker of the note was not in existence when the note fell due and that consequently no presentment of it to the maker was necessary. The contention is without merit, since the court found that the maker had terminated its business, not that it had ceased to exist, and stated in the finding that there was no credible evidence offered to prove that it had ceased to exist. Section 6362 of the General Statutes provides: "Present-

ment for payment is not necessary in order to charge the person primarily liable on the instrument . . .; but, except as herein otherwise provided, presentment for payment is necessary to charge the drawer and indorsers." The instrument must be exhibited to the person from whom payment is demanded. § 6366. Where the instrument is not payable on demand, presentment must be made on the day it falls due. § 6363. The note dated May 28, 1953, was payable three months after its date. The time of payment, August 28, 1953, was determined by excluding the day from which the time was to begin to run and by including the date of payment. § 6378. The record in the instant case discloses no finding that presentment in the manner contemplated by the statute was made at any time. Nor are facts constituting such a presentment, or waiving or excusing omission of any of the statutory requisites, stated in the finding or fairly inferable from it. Therefore the indorsers are not liable. *Greenstein* v. *Kucharski,* 107 Conn. 269, 271, 140 A. 482. Discussion of the other defenses is unnecessary.

There is no error.

In this opinion the other judges concurred.