SAMUEL O. KING *vs.* ANDREW J. CROWELL.

*Promissory note.  Demand.*

A demand by the holder of a note payable generally may be made upon the maker in the street, the maker having no place of business, and raising no objection to the place where the demand is made.

The actual exhibition of the note at the time of the demand is unnecessary, if the holder then has it with him and is not requested to produce it.

A notice upon the last day of grace on the indorser, after previous demand upon and refusal by the maker upon the same day, is not premature.

ON FACTS AGREED.

ASSUMPSIT against the defendant as indorser of the following promissory note, his signature admitted to be genuine.

"$150.00.                                April 8, 1871.

Four months after date I promise to pay to the order of A. J. Crowell one hundred and fifty dollars.   Value received.

H. E. Morton."

Endorsed, " A. J. Crowell, Jeremiah Glidden, C. H. Glidden."

Writ dated Feb. 17, 1872.   Plea, general issue.

This note was negotiated to the plaintiff for a full consideration a short time after its date.

The maker and the indorsers resided in Winthrop village, and the plaintiff in Monmouth.  H. E. Morton, at the time of the making of the note in question, was a manufacturer of boots and shoes, and a dealer in boots, shoes, hats, and caps, and had a store and place of business in said Winthrop village.  On the third day of July, 1871, the maker failed in business.  His real estate and goods were attached on that day, and his place of business closed, the attaching officer taking possession of the keys and the goods. On Friday, the morning of August 11, 1871, the plaintiff went to Winthrop for the purpose of collecting this note, or of taking the necessary steps to hold the indorsers.  He went to the store re-

cently occupied by the maker of the note, and finding it closed he went directly to Morton's house, with the note in his possession, for the purpose of making a demand of payment. Morton was not at the house, but the plaintiff was informed he was on the street, where the plaintiff found him about ten o'clock, A. M., and then and there requested payment of the note of said Morton, which was refused. About two hours afterwards, on the same day, the plaintiff sought the defendant, told him he had demanded payment of the note of Morton, that he refused to pay it, and informed him (defendant) that he should look to him, as indorser, for the payment of the note. The defendant replied that he would look into the matter, and, if he found that he was holden, would see the note paid in two or three weeks. In two or three weeks the plaintiff called on the defendant again for payment, when the defendant refused to pay, saying that he had inquired carefully into his liability as indorser of this note, and was advised that he was not liable, and should not pay the same.

It was agreed that upon the above facts the full court should enter such judgment as the law required.

If the action could be maintained, defendant to be defaulted; otherwise, plaintiff to become nonsuit.

*E. Kempton,* for the plaintiff.

The demand was made on the last day of grace, and at a reasonable hour, therefore seasonable and sufficient. *Stanton* v. *Blossom,* 14 Mass. 116; *Greely* v. *Thurston,* 4 Greenl. 479; Dane's Abridgment, 425; *Staples* v. *Franklin Bank,* 1 Met. 43.

Maker had no place of business and was not at his house; the demand on the street was therefore sufficient.

The plaintiff is entitled to one day in which to give notice to indorsers. This time is allowed for plaintiff's benefit and he may waive it and give notice at once. *Shed* v. *Brett,* 1 Pick. 401; *Flint* v. *Rogers,* 15 Maine, 67.

Not only was the notice not premature, but suit might have been commenced against the maker and also against Crowell on

August 11th, after the demand and notice.  *Shed* v. *Brett,* cited above ; 2 Parsons on Notes and Bills, 462.·

. The maker and indorsers residing in the same town, verbal notice of dishonor is sufficient.  *Ticonic Bank* v. *Stackpole,* 41 Maine, 321.

*J. H. Potter,* for the defendant.

Demand made upon the maker on the street is not sufficient. Byles on Bills, 5th Am. Ed., 196, note 1 ;  1 Parsons on Notes and .Bills, 372, 421 ;  *McGruder* v. *Bank of Washington,* 9 Wheat. 198 ;  *King* v. *Holmes,* 11 Penn. State Rep. 456 ; *Fall River Union Bank* v. *Willard,* 5 Met. 216 ; *Otsego County Bank* v. *Weaver,* 18 Barb. (S. C.) 292 ;  *Sanderson* v. *Judge,* 2 H. Black. 509.

The note should have been exhibited.   Byles on Bills, Am. Ed. 196 ; 1 Parsons on Notes and Bills, 230, note *x,* and 367 ; *Freeman* v. *Boynton,* 7 Mass. 453 ;  *Musson* v. *Lake,* 4 Howard, 262 ; *Draper* v. *Clemens,* 4 Mo. 52.

The maker is not bound to pay without presentation of the note. *Hansard* v. *Robinson,* 7 B. & C. 90, and 9 Dow. & R. 860.

The notice to the indorser was premature.   The maker had the whole day in which to pay the note.   *Pierce* v. *Cate,* 12 Cush. 190 ;  *Henry* v. *Jones,* 8 Mass. 453 ;  *Wiggle* v. *Thompson,* 11 S. & M. 452 ;  *Osburn* v. *Moncure,* 3 Wend. 170 ;  *Crosby* v. *Grant,* 36 N. H. 275 ;  1 Parsons on Notes and Bills, 411.

VIRGIN, J.   When the defendant indorsed and put into circulation the note in suit, he thereby ordered the maker to pay the amount therein specified· to the plaintiff ; and he also thereby promised that if the note were duly demanded of the maker and not paid, then he himself would, upon receiving due notice of the demand and non-payment, pay it to the plaintiff.

And now, in this suit upon his promise, the defendant declines to pay the note on the following alleged grounds :

1. That the demand was not lawful inasmuch as it was made on the street.

The general rule of law is that the holder must use diligence to find the maker and demand payment of him; and the inquiry will be, whether, under the circumstances of the case, due diligence has been used. 3 Kent's Com. 129.

It is familiar law that when a promissory note payable generally, and not at a specified place, is seasonably demanded at the maker's known and settled place of business for the transaction of his moneyed concerns, it is sufficient to hold the indorser. And the same may be said of a like demand made at his place of residence. Neither does it make any difference whether the maker be personally present or temporarily absent at the time of the demand. In either case, the law has for many years been constant in declaring that the evidence afforded by such a demand constitutes full proof of due diligence on the part of the holder.

But in the case at bar the plaintiff went still further than the technical exactions of the law required. He was a resident of Monmouth. On the day the note became due he went to Winthrop village, where both the maker and the defendant resided, "for the purpose of collecting this note, or of taking the necessary steps to hold the indorser." On going to the store which had been occupied by the maker as his place of business, he found it had been closed and in the possession of an officer more than thirty days; that the maker had failed in his business, and that all his property was under attachment. Thereupon the plaintiff went to the maker's place of residence, where he was informed that the maker was not at the house, but had gone out on the street. Had he gone through the ceremony of demanding payment of the note at the house, while the maker was out on the street, the law would pronounce the plaintiff's diligence ample. But not finding the maker at home the plaintiff trebled his diligence, sought and found him on the street in that country village, and then and there requested payment of the note of the maker personally, which was refused.

It does not appear (as it would be likely to, if true) that any objection to the place of demand was made by maker. If he had

had funds with which to pay, not with him, but at his house, he would at once have said so.  If he had objected to the place and requested the plaintiff to accompany him to his house and receive the money due on the note, and the plaintiff had declined so reasonable a request, the legal aspect of this branch of the case might thereby have been materially changed.  But no such facts exist. He simply refused payment, and, in all human probability, for the real, though to him, perhaps, unpleasant, reason that all his property was in the custody of the law, and he had in fact nothing wherewith he could pay.

It would seem that such a demand would be more satisfactory to all concerned than a mere formal ceremony of a demand gone through at his place of residence during the maker's absence. And we have no hesitation in declaring the demand sufficient under the circumstances, so far as the place is concerned, to charge the defendant.

We are aware that Byles on Bills, 196, declares that a demand made on the street is not sufficient.  Such is the doctrine expressed, too, in the author's notes in Leading Cases on Bills, 327, 328.  And there are several cases containing the *dictum* in general terms that a demand must be made either at the maker's place of business or place of residence.  But our attention has been called to no case, neither have we, after considerable research, been able to find any wherein the court having the question before it decided adversely to a demand made on the street, under circumstances similar to those in this case.

On the other hand, Judge Story, in discussing the law applicable to notes like this, uses the following language :  " The general rule is, that the presentment for payment may be made to the maker personally, or at his dwelling-house or other place of abode, or at his counting-house or place of business.  It seems a presentment may always be made personally to the maker, wherever he may be found, although he may not be either at his domicil, or at his place of business."  And he cites quite a large number of cases, in a note, as authority.   Story on Prom. Notes, § 235.

King *v.* Crowell.

In Edwards on Bills (2 ed.), 150, is found the following: "Being made payable at large, it is due at any and every place; but for the purpose of charging the indorser, it must be presented for payment to the maker personally, or at his residence or place of business. If it be made payable at a particular place in the city, it is necessary to present the note there for payment, for the purpose of charging the indorser. But even in this case, if a personal demand is made upon the maker, and no objection is made by him as to the place, it is sufficient."

So in 3 Kent's Com. 128. "Demand of payment must be made by the holder or his agent upon the acceptor at the place appointed for payment, or at his house or residence, or regular known place of his moneyed business, or upon him personally, if no particular place be appointed." And again, on page 96, "If demand be made upon the maker elsewhere than the place appointed, and no objection be made at the time, it will be deemed a waiver of any future demand."

And Prof. Parsons says: "In general a personal demand would be sufficient, if made at any place where the maker may reasonably be expected to be in condition to pay ; and if made in any other place—such, for instance, as in the street—it would usually be good, unless objection were made to payment because the place was an improper one, or some similar reason were given for the refusal. 1 Parsons on Notes and Bills, 421. And he uses somewhat similar language on p. 372.

The doctrine as stated above by Judge Story is approved in *Taylor* v. *Snyder*, 3 Denio, 145, Sup. Ct. N. Y., published as a leading case in Leading Cases on Bills, 313, 316.

Finally, our own court held, that where a note signed by two, made payable at their dwelling-houses, was demanded of them, together, at the barnyard of one of them, and no objection was made as to the place of the demand, the demand was sufficient. *Baldwin* v. *Farnsworth*, 10 Maine, 414.

2. But the defendant further objecting to the sufficiency of the demand says: "As the payer has a right to require its delivery

up to him before he pays, and may insist that the holder produce it, the note should have been exhibited."

It is true that the rule requiring the person making the demand to exhibit the evidence of debt is well settled, and well grounded in reason ; and, although applicable to all written contracts on which a demand is necessary, it is, as has been well said, especially applicable to negotiable securities, which may be legally transferred to another at the very time the original payee makes the demand. But the reasons applicable to cases in which the maker offers to pay cannot apply to cases in which he not only does not offer, but absolutely refuses, to pay, and does not even express any desire to see the note.

The idle ceremony of producing the note when the maker unqualifiedly refuses to pay is well illustrated by C. J. Shaw, in *Gilbert* v. *Dennis*, 3 Met. 497, where he says : " Even under the law of tender, which is extremely strict, it is held that where a party to whom a tender is to be made declares that he will not accept it, an actual production and offer of the money is not necessary."

The case finds expressly that the maker had the note in his possession when he made the demand. We think the objection cannot prevail. *Arnold* v. *Dresser*, 8 Allen, 435 ; *Freeman* v. *Boynton*, 7 Mass. 485 ; *Etheridge* v. *Ladd*, 44 Barb. 69.

3. The defendant finally contends that the notice having been given to the defendant on the last day of grace was premature, for the reason that the maker had the whole day in which to pay.

We presume, however, that the defendant predicated this objection upon the alleged insufficiency of the demand. For long before, and certainly ever since, the review of the cases by C. J. Shaw in *Staples* v. *Franklin Bank*, 1 Met. 43, the rule applicable to notes like the one in question has been that the note is due on actual demand at any such hour on the last day of grace that, having regard to the habits and usages of the community where the maker resides, he may be reasonably expected to be in condition to attend to ordinary business ; and if upon such demand pay-

ment is not made, the maker is in default, and notice of dishonor may forthwith be given to the indorser. But if no such demand be made, and the maker does nothing amounting to a waiver, he has the whole of the day in which to make payment, and is not in default until the expiration of the business day within which such demand might have been made. *Greeley* v. *Thurston*, 4 Greenl. 479; *Flint* v. *Rogers*, 15 Maine, 67; *Lunt* v. *Adams*, 17 Maine, 230; *Farnsworth* v. *Allen*, 4 Gray, 453; *Estes* v. *Tower*, 102 Mass. 65; *Gordon* v. *Parmelee*, 15 Gray, 413; *Manchester Bank* v. *Fellows*, 28 N. H. 303; *Crosby* v. *Grant*, 36 N. H. 418.

*Defendant defaulted.*

APPLETON, C. J.; CUTTING, DICKERSON, DANFORTH, and PETERS, JJ., concurred.