WHITELY v. ALLEN.

1. **Promissory Note**: LIABILITY OF INDORSER: DEMAND. Where the maker of a negotiable promissory note removes from the State before its maturity, leaving no one to represent him, no demand of payment is necessary to bind an indorser.

*Appeal from Taylor Circuit Court.*

FRIDAY, JUNE 10.

ACTION upon a promissory note. The suit was commenced before a justice of the peace, and it was averred in the petition that one Wilt executed the note to the defendant Allen, and afterwards, and before the maturity of the note, Allen indorsed it to one Houck, and that Houck indorsed it to the plaintiff: that at the time of the execution of said note Wilt, the maker thereof, resided in Taylor county, in this State, but that before it became due said Wilt removed his residence and place of business out of the State, and has ever since so resided, "stating at the time he so removed that he would in the future reside at Savannah, in the State of Missouri;" that such statement was made to the agent of the plaintiff; that said Wilt "left no one of whom a demand of payment could be made, and left no one authorized, empowered, or with means to pay said note when due, and was not himself there when said note was due and demandable; that plaintiff by writing letters to Savannah, Missouri, sought to find the whereabouts of said maker so as to make demand of payment; but such letters were returned by the

mail to the writer thereof (the agent of plaintiff), never having been taken from the postoffice, though properly directed, stamped and mailed, to said maker at Savannah, Missouri; that after said maker had so removed to Savannah, Missouri, he concealed his whereabouts from plaintiff;" that plaintiff was, and is, a resident of Springfield, Ohio, and had no knowledge of the facts, but such facts were wholly within the knowledge of the plaintiff's agent at Bedford in this State.

The defendant, Allen, demurred to the petition. The demurrer was sustained by the justice of the peace. The cause was removed to the Circuit Court by writ of error, and the ruling of the justice of the peace was sustained. Plaintiff appeals.

*Whiffin & Brown*, for appellant.

*J. P. Flick*, for appellee.

ROTHROCK, J. The promissory note which is the foundation of the action is negotiable, and in the usual form. The indorsement by Allen, the defendant, is as follows: "Pay E. Houck, without notice."

It is not claimed by the plaintiff that a demand was waived by the indorsement. It seems to be conceded that a waiver of notice does not excuse a demand, and such appears to be the law. *Voorhies v. Atlee*, 29 Iowa, 49, and authorities there cited.

The amount in controversy being less than $100, we are required by the certificate of the trial judge to determine the
1. PROMISSORY single question, whether, under the averments note; liability of the petition, the plaintiffs should be excused of indorser: from making demand of payment of the maker demand. of the note.

In Parsons on Notes and Bills, Vol. 1. P. 45., it is said: "If the maker removes from the place in which he resided and transacted business, to another jurisdiction, between the time a note is made and its maturity, the holder will not be

obliged to go out of his own State in order to make a de-
mand, either on the maker personally or at his new place of
business, or of residence.  Whether it will be necessary for
the holder to use due diligence to find the maker's last and
usual place of business, or of residence in the place which he
has left, is unsettled, the authorities being conflicting.  But
we consider that it is more in accordance with the rules of law
respecting demand to require that the holder should en-
deavor to find this last place of business or abode, and present
the note there."  The reason of the learned author for this
view is "that it is no unfair or unreasonable presumption that
the maker left, at his place of business within the State,
means and arrangements for attending to the business which
he began there, and left unfinished there."  A number of
cases are cited in a note to the above quotation from the text.
Some of these cases hold that the removal of the maker into
another State after the execution of the note, and before its
maturity, *ipso facto*, excuses a demand at the place of busi-
ness or residence of the maker at the time the note was made.
Others hold that demand should be made at the last residence
or place of business within the State.

The facts of this case do not require us to adopt either of
these lines of decisions.  The petition shows affirmatively
that the maker left no one at his last usual place of residence
in Iowa "of whom a demand for payment could be made, and
left no one authorized or empowered, or with means to pay
said note when due    *    *    *    *    *  ."  If the
law requires a demand in all cases, and under all possible cir-
cumstances, it might properly be said that, the rule being in-
flexible, there can be no excuse for want of demand at some
place.  But the law requires that the holder shall do no more
than exercise due diligence to make the demand.  It does not
require that the maker should be followed into another State,
and it seems to us if it affirmatively appears, as it does in this
case, that the maker has left behind him no one to represent
him or answer for him in any capacity, the law should not

require the idle ceremony of a demand upon a mere stranger who may choose to be occupying the late residence, or it may be upon the empty walls of an untenanted house. In our opinion the demurrer to the petition should have been overruled.

REVERSED.