PORTER v. THOM et al.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

1. BILLS AND NOTES—WAIVER OF PRESENTMENT.
　　The maker of a note waives its production on demand of payment, by failure to ask therefor, and declining to pay on other grounds.

2. SAME—WAIVER OF NOTICE BY INDORSER.
　　Payments of interest by the wife, an indorser on her husband's note, by her check, where made on her husband's account, do not constitute an acknowledgment of her liability on the note, so as to waive the failure to give her notice of presentment and nonpayment.

3. SAME—NOTICE OF DEMAND.
　　A statement to the indorser by the holder that he "was tired of waiting for him [the maker] to fulfill his promises," and that the indorser had better pay the note, is insufficient to show that the indorser was informed of the note's dishonor, since not stating that a demand for payment had been made of the maker.

Appeal from trial term.

Action by David C. Porter against Julia S. Thom, impleaded with John C. Thom. From a judgment entered on a nonsuit, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Albert G. McDonald, for appellant.
George G. Reynolds, for respondent.

CULLEN, J.   On a former appeal, we held that there was suffi-cient evidence that a demand for payment of the note had been made to justify the submission of that question to the jury; but we were of opinion that the evidence was insufficient to authorize a finding that the indorser, Julia S. Thom, when she made payments of inter-est, had any knowledge that the note had been dishonored.   Porter v. Thom, 30 App. Div. 363, 51 N. Y. Supp. 974.   The evidence on this appeal bearing on the first question is the same as that in the record previously before us, and we see no reason to change our for-mer view thereon.   The plaintiff was in possession of the note when, as he testifies, he demanded payment from the maker.   The maker did not ask for the production of the note at the time of the demand.   "If, on demand of payment, the exhibition of the paper is not asked for, and the party to whom demand is made declines to pay on other grounds, a more formal presentment by actual exhi-bition of the paper will be considered as waived."   Daniel, Neg. Inst. § 654; Lockwood v. Crawford, 18 Conn. 361; King v. Crowell, 61 Me. 244.   Possession of the note seems sufficient.   Story, Prom. Notes, § 243.

On this trial the appellant, on his direct examination, testified that, after default had been made in the payment of the note, he said to the respondent:   "I was tired of carrying it; that I was unable—   I had asked Mr. Thom to pay it, and it was all promises, and she better make some arrangement to pay it herself, or reduce the amount, or do something with it;" to which she replied:   "She said he had some little matter he thought he could make some money out of, and undoubtedly he could soon pay a portion of it, or some-thing of that kind."   On cross-examination he gave his statement to the respondent as:   "I said I was tired waiting for him to fulfill his promises, and I think she better make some arrangement to pay it, or pay a portion of it; I was tired of his promises.   That is the way I introduced it.   That is all I said to her at the first."   It is not pretended that the answer of the respondent constituted any promise on her part to pay the note.   On the contrary, all she said in answer to the appellant's request was that the maker, not she, would probably pay it.   The respondent, however, is sought to be held liable on the fact that many of the interest payments on the note were subsequently made by her check.   If these payments were made not on her own account, but on account of her husband, the maker, they would not constitute an acknowledgment of her liability on the note, so as to operate as a waiver of the failure of the plain-tiff to give proper notice of presentment and nonpayment.   Daniel, Neg. Inst. § 1168; Whitaker v. Morrison, 1 Fla. 25.   After the con-versation that had occurred between the appellant and the respond-ent, and a letter from the former to the latter asking her to call the attention of her husband to the fact that the semiannual interest was in default, we are inclined to the opinion that the evidence shows that the payments made by the respondent were on her husband's account, and not on her own.   But, however this may be, and if we assume that the evidence on this subject presented a question for the jury, we think the present record shows the same failure in

the plaintiff's case as appeared on the last appeal. The effect of plaintiff's testimony must be limited to the last statement made by him,—that given on his cross-examination. The conversation, as then narrated, cannot be construed as apprising the plaintiff that the note had been dishonored at all. He did not state that any payment of the note had been demanded. The maker of the note may have promised to pay it at some particular time, and failed to keep his promise; yet, unless the demand was actually made, the note would not be dishonored, so as to set the statute of limitations running in favor of the indorser. Parker v. Stroud, 98 N. Y. 379. The rule should work the same in both directions. If the statement of the appellant would be insufficient to support the indorser's defense of the statute of limitations, we think it equally insufficient to charge her with notice that the note was dishonored.

The judgment appealed from should be affirmed, with costs. All concur.

