GILPIN v. SAVAGE.

(Supreme Court, Trial Term, Erie County. October 30, 1908.)

1. BILLS AND NOTES (§ 405*) — PRESENTMENT FOR PAYMENT — SUFFICIENCY OF PRESENTMENT—PLACE—PRESENTMENT BY TELEPHONE.

Negotiable Instruments Law (Laws 1897, p. 736, c. 612) § 132, requires presentation for payment to be made at the proper place and to the person primarily liable. Section 133 (page 736) provides that the instrument is presented at the proper place when presented at the place of payment specified therein. Section 134 (page 737) requires the instrument to be exhibited to the person from whom payment is demanded. Section 142 (page 738) provides that presentment for payment is dispensed with by waiver of presentment, and section 144 (page 738) provides that, when an instrument is dishonored by nonpayment, the holder has an immediate right of recourse to all parties secondarily liable. A note was made payable at the home of the maker on a certain street, and at maturity he was called up there by telephone and asked what he was going to do about it, and replied that he could not pay it, and was informed that the note would be protested. *Held*, that the demand over the telephone was a sufficient presentation for payment; the statutory right of the maker to the exhibition of the note being waived by his failure to insist thereon.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1065; Dec. Dig. § 405.*]

2. BILLS AND NOTES (§ 405*) — PRESENTATION FOR PAYMENT — SUFFICIENCY OF PRESENTMENT—EXHIBITION OF INSTRUMENT.

Under Negotiable Instruments Law (Laws 1897, p. 737, c. 612) § 134, requiring the instrument to be exhibited to the one from whom payment is demanded, upon presentation and demand of payment of a note by one holding it for collection, the maker could insist on the exhibition of the note as evidence of the holder's right to collect.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1065; Dec. Dig. § 405.*]

3. BILLS AND NOTES (§ 405*)—PRESENTMENT AND DEMAND—WAIVER.

The right of the maker of an instrument to require its exhibition on presentment for payment is personal, and may be waived by him; and if, on demand for payment, its exhibition is not requested, and the payor

---

declines to pay on other grounds, the actual exhibition of the note will be deemed waived.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1065; Dec. Dig. § 405.*]

4. WORDS AND PHRASES—"TELEPHONE."

A telephone is an instrument by which two persons may talk to each other.

[Ed. Note.    For other definitions, see Words and Phrases, vol. 8, pp. 6897–6898; 7813.]

5. BILLS AND NOTES (§ 405*)—PRESENTMENT—SUFFICIENCY.

Only a substantial compliance with the statute is required in making presentment of a note for payment; and, where there has been a substantial compliance, any omission to observe more technical rules will not be permitted to prejudice the indorser.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 405.*]

6. BILLS AND NOTES (§ 371*)—RIGHTS ON TRANSFER—BONA FIDE PURCHASERS—PAYMENT OF PRE-EXISTING DEBT.

In an action on a note against an accommodation indorser, where the note was not paid at maturity, and the answer admitted the making of the note and defendant's indorsement, and the instrument was put in evidence, that it was transferred to plaintiff for a past indebtedness would not prevent a recovery, as the instrument itself was prima facie evidence of consideration sufficient to sustain the action, and plaintiff could recover, even if it had been transferred without any consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 965; Dec. Dig. § 371.*]

7. BILLS AND NOTES (§ 499*) — ACTIONS — BURDEN OF PROOF—PAYMENT AFTER MATURITY.

Failure to pay a note at maturity, and its production by the holder, raises a presumption of continued nonpayment, and the burden is on defendant to overcome it.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1695; Dec. Dig. § 499.*]

8. BILLS AND NOTES (§ 518*)—REQUISITES—CONSIDERATION—EVIDENCE.

A negotiable note is itself prima facie evidence of consideration, sufficient to sustain an action thereon by the holder.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1816; Dec. Dig. § 518.*]

Action by Richard S. Gilpin against William M. Savage. Judgment for plaintiff.

John M. Hull and Aaron Fybush, for plaintiff.
John T. Ryan, for defendant.

WHEELER, J. This action is brought against the indorser of a promissory note made by his son, Walter Savage, and by its terms made payable at the residence of the maker, No. 507 Prospect avenue, in the city of Buffalo, N. Y. The note is held by the indorsee of the original payee, and was forwarded by him for collection to the Columbia National Bank of Buffalo. On the day of the maturity of the note a clerk in the employ of the bank called up the maker on the telephone. The maker responded to the call at his house. The clerk then stated to the maker that the bank held the note for collection, described it, and asked the maker what he proposed doing with it. The maker replied, in substance, that he could not pay it; that he had an under-

standing or agreement that the note should be renewed, and if the bank would return the note it would be taken care of at the other end of the line. The clerk replied that they knew nothing about such an arrangement, and then called to the telephone the assistant cashier of the bank, who in turn talked with the maker. The maker repeated in substance what had been said to the clerk, and was informed by the cashier that the bank would, under the circumstances, have to protest the note. No other presentation at No. 507 Prospect avenue was made; but the note was protested, and notice of the protest mailed to the indorser, this defendant.

The defendant contends that the necessary steps were not taken to charge him as indorser and that the failure to present the note at its place of payment discharged him from liability. The question is, therefore, fairly presented for determination whether the demand over the telephone was a sufficient presentation, and whether the bank was relieved of the obligation, under the facts, of actually going to the maker's house and making a further presentation and demand there. The researches of counsel and court are unable to discover any decided case directly in point. The case is novel in its features, and its decision of importance both to the parties and to the banking community. As suggested, two lines of inquiry present themselves: First, was there a presentation at No. 507 Prospect avenue; and, if not, was its presentation excused, so as to still charge the indorser? Section 132 of the negotiable instruments law (Laws 1897, p. 736, c. 612) provides that:

"Presentment for payment, to be sufficient, must be made: * * * (3) At a proper place as herein defined; (4) to the person primarily liable on the instrument, or, if he is absent or inaccessible, to any person found at the place where the presentment is made."

Section 133 provides that:

"Presentment for payment is made at the proper place: (1) Where a place of payment is specified in the instrument and it is there presented."

Section 134 provides:

"The instrument must be exhibited to the person from whom payment is demanded, and when it is paid must be delivered up to the party paying it."

Section 142 provides that:

"Presentment for payment is dispensed with: * * * By waiver of presentment, express or implied."

Section 144 provides that:

"Subject to the provisions of this act, when the instrument is dishonored by nonpayment, an immediate right of recourse to all parties secondarily liable thereon, accrues to the holder."

It was the evident purpose and intent of the framers of the statute to incorporate into the statute the provisions of the common law, although there follows the usual embarrassment which all codifiers encounter in framing a statute to meet all possible cases. Was the note in this case presented at No. 507 Prospect avenue, the place of payment named in the note, within the reasonable meaning of the stat-

ute? We think it was. At the time of the conversation between the maker and the bank officials over the telephone, the maker was actually at the place of payment. The talk was immediately between him and the holder of the note. For every purpose of demand and refusal it was just as effective as though the conversation had taken place between the parties when all were within the walls of the house itself. The maker knew perfectly well that a demand was then and there made upon him for the payment of the note in question, and he was then and there called upon to act. He did act, and treated it as a demand for payment, and declined to pay. He did not question the mode or manner of presentment, but declared his inability to meet the note, and made claim to some arrangement for its renewal. Of course, the maker had the right to have insisted on the exhibition of the note to him as evidence of the bank's authority to collect. That right was a right, however, personal to the maker, and by not demanding its production he waived it. If, on demand of payment, exhibition of commercial paper is not asked, and a party to whom demand is made declines to pay on other grounds, a mere formal presentation by actual exhibition of the paper will be considered waived. Daniel on Negotiable Instruments, § 654. Lockwood v. Crawford, 18 Conn. 361; King v. Crowell, 61 Me. 244, 14 Am. Rep. 560; Porter v. Thom, 40 App. Div. 34, 57 N. Y. Supp. 479, affirmed 167 N. Y. 584, 60 N. E. 1119.

It seems to the court that all the essentials of a good presentation were met. It was made on the day of the maturity of the note. The note was described to the maker, in a conversation with the maker at the place of payment. Payment was asked and declined. So far as the maker was concerned, all that he required was done. The indorser could not well demand more for his own actual protection. All that remains to the indorser is the purely technical ground of a failure to produce the note itself at the house, 507 Prospect avenue, which would have resulted in the same refusal of payment made over the telephone. The use of the modern invention of the telephone is recognized by the courts. Commercial transactions and conversations had over the telephone have been recognized as of the same binding force as where the parties talked face to face. Globe Printing Co. v. Stahl, 23 Mo. App. 451, 458; Wolfe v. Mo. Pacific R. R. Co., 97 Mo. 473, 11 S. W. 49, 3 L. R. A. 539, 10 Am. St. Rep. 331; Rock Island & P. R. Co. v. Potter, 36 Ill. App. 590; Guest v. Hannibal & St. J. R. R. Co., 77 Mo. App. 258; Thompson & W. Co. v. Appleby, 5 Kan. App. 680, 48 Pac. 933; Murphy v. Jack, 142 N. Y. 215, 36 N. E. 882, 40 Am. St. Rep. 590; Deering & Co. v. Shumpik, 67 Minn. 348, 69 N. W. 1088. The telephone is simply an instrument by which two persons may talk directly to each other. Suppose the holder of a note should call to the maker from across a street, as the maker stood in his doorway, and notify him that he had his note and ask payment. Would not such a demand be deemed in law a proper presentment, although the street separated the person holding the note and the actual place of payment? Can it make any substantial difference because the person holding the note happens to be some blocks away, provided he is able to reach the maker over the telephone and talk directly to him in that way? The law simply requires substantial compliance in refer-

ence to proper presentment, and will not strain to find grounds for releasing an indorser, where there has been such a substantial compliance, and any omission to observe the more technical rules does not work to the prejudice of the indorser.

Actual and formal presentation of notes has been held unnecessary to charge the indorser under many varying circumstances, as where the maker dies before the maturity of the note and no representative of his estate has been appointed. (Daniel on Commercial Instruments, § 1111), or where the maker has absconded (Id. § 1125), or where the maker has removed from the state and taken up his domicile in another state or country (Id. § 1145; Foster v. Julien, 24 N. Y. 28, 80 Am. Dec. 320; Eaton v. McMahon, 42 Wis. 487; Whitely v. Allen, 56 Iowa, 224, 9 N. W. 190, 41 Am. Rep. 99; McGruder v. Bank of Washington, 9 Wheat, 598, 6 L. Ed. 170. It has been held a sufficient demand and refusal, to constitute a dishonor of a note, if the maker, on the day it is due, calls on the holder where the note is and declares his inability to pay, and desires the holder to give notice to the indorser. Gilbert v. Dennis, 3 Metc. (Mass.) 495, 38 Am. Dec. 329. So, too, in an action against an indorser, it appeared the holder met the maker of a note on the street, and was refused payment, making no objection to the place of demand, and the court said:

"If demand be made upon the maker elsewhere than the place appointed, and no objection be made at the time, it will be deemed a waiver of any future demand." King v. Crowell, 61 Me. 244, 14 Am. Rep. 560.

In the case of Tredick v. Wendell, 1 N. H. 80, the note was at the bank. The maker lived within a few rods of the bank, and a letter was sent him, stating the note was at the bank and requesting payment. Held a sufficient demand to charge the indorser. The weight of authority, therefore, seems to be that the law is not overexacting as to the mode or method of presentation, so long as an opportunity is given the maker to pay the note or refuse its payment. For these reasons, we think the presentation made in this case, although over the telephone, met the substantial requirements of the law.

It is contended by counsel for the defendant that the plaintiff in this case is not a bona fide holder for value; that the evidence discloses the note was transferred to him for a past indebtedness, and therefore he cannot recover. We see no force in that contention. The answer admits the making of the note, and that the defendant indorsed the paper for the accommodation of the maker. The remainder of the answer is in effect a general denial of all the other allegations of the complaint. Upon the trial, the note was produced and put in evidence. The instrument itself was prima facie evidence of consideration sufficient to sustain the plaintiff's case. Carnwright v. Gray, 127 N. Y. 92, 27 N. E. 835, 12 L. R. A. 845, 24 Am. St. Rep. 424. Any failure to pay a note at maturity, and its production by the holder, raises a presumption of continuous nonpayment, and the burden is on the defendant to overcome it. Dresser v. Mercantile Trust Co., 124 App. Div. 891, 108 N. Y. Supp. 577. The payee, under such circumstances, would have the right to recover, and the plaintiff, his indorsee, has exactly the same right. It is not necessary for the plain-

tiff, to entitle him to recover, to show himself a bona fide holder, for value. If the note had been transferred to him without consideration, he would nevertheless be entitled to judgment.

We therefore conclude the plaintiff is entitled to judgment. So ordered.