Argued November 1, affirmed December 12, 1916.

# HODGES v. BLAYLOCK.

(161 Pac. 396.)

**Bills and Notes—Liability for Attorney Fees—Demand of Payment.**

1. Since the Negotiable Instruments Act (Sections 5903, 5905, 5906, 5907, 5911, L. O. L.), requiring a formal demand of payment of a note, expressly relates only to the demand necessary to charge an indorser or some other person secondarily liable, it follows from the maxim *"Expressio unius est exclusio alterius,"* that any reasonable request to pay a demand note, containing a provision for the payment of attorney's fees, is sufficient to put the maker in default, if he fails to discharge his obligation.

[As to validity of stipulation in note for payment of attorney's fees, see note in 55 Am. St. Rep. 438.]

**Bills and Notes—Demand for Payment—Waiver of Presentation.**

2. The maker of a demand note waived its actual presentation upon a demand for payment by not asking for it, and by refusing payment on the ground that he did not then have the money and that he needed the amount to support his family.

From Malheur: DALTON BIGGS, Judge.

In Banc.    Statement by MR. CHIEF JUSTICE MOORE.

This is an action by John Hodges against S. E. Blaylock and Mrs. S. E. Blaylock, his wife, and is founded upon a promissory note, of which the following is a copy:

"$638.75.              Juntura, Oregon, June 25, 1915.

"On demand after date, without grace, we promise to pay to the order of John Hodges, at Juntura, Oregon, six hundred thirty-eight and 75/100 dollars in gold coin of the United States of America of the present standard value, with interest thereon in like gold coin at the rate of six per cent per annum from date until paid, for value received. Interest to be paid annually, and if not so paid the whole sum of both principal and interest to become immediately due and collectible, at the option of the holder of this note, and in case suit or action is instituted to collect this note, or any portion thereof, we promise and agree to pay

an additional sum, in like gold coin, as the court may adjudge reasonable, for attorney's fees to be allowed in said suit or action.

> "S. E. BLAYLOCK.
> "MRS. S. E. BLAYLOCK."

The complaint is in the usual form, and alleges that the plaintiff is the owner and holder of the note; that although payment thereof had been demanded from the defendants, they had not paid any part of it; and that $75 is a reasonable sum as attorney's fees.

The answer admits the execution of the note, that plaintiff is the owner and holder thereof, and that no payment has been made thereon, but denies that prior to the commencement of this action any demand for the payment was made, or that $75 or any other sum would be reasonable as attorney's fees. For a further defense it is alleged the defendants executed the note; that no demand for the payment thereof had been made upon either of the defendants who have at all times been ready, willing and able to pay the sum so due upon reasonable demand therefor, and that the only demand that has been made was the commencement of this action; that the defendants tender to the clerk of the court for plaintiff $638.75, with interest at 6 per cent from June 25, 1915, in full payment to December 28, 1915, when the answer was filed.

The reply put in issue the allegations of new matter in the answer, and the cause, having been tried, resulted in a verdict and judgment for the amount due on the note, $34.50 as attorney's fees, and the costs and disbursements of the action, and the defendants appeal.

AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Robert M. Duncan.*

For respondent there was a brief and an oral argument by *Mr. P. J. Gallagher.*

Opinion by MR. CHIEF JUSTICE MOORE.

It is contended that the note sued on provided for the payment of attorney's fees, or special damages, in case of default, which failure cannot arise until after a formal demand, which was never made, and hence an error was committed in giving a judgment for a greater sum than was deposited with the clerk. In support of the principle thus asserted, reliance is placed upon the case of *Prescott* v. *Grady,* 91 Cal. 518, 520 (27 Pac. 755), where it was ruled that in an action on a demand note, providing for the payment of a reasonable attorney's fee in case of suit thereon, the maker was not in default, as respects liability for special damages, until there had been a breach of the contract according to its terms, by failure to pay upon demand, and a denial that payment of the note was ever demanded raised a material issue as to such liability, which issue precluded a judgment upon the pleadings for an attorney's fee. The reason assigned for the rule insisted upon herein is practically an excerpt from the opinion in the case mentioned, where it is said:

"Appellant does not wish to open the well-settled question whether suit may be brought upon a note payable on demand without other demand than the bringing of the suit, but he claims that the contract sued on is more than a promissory note, that it contains a stipulation for special damage in case suit be brought, and that he ought not to be held to have incurred this liability until he is in default according to the terms of his contract; that is, until he has failed to pay on demand."

The testimony of the plaintiff is to the effect that about the 10th or 12th of July, 1915, and five months before this action was commenced, he met the defendant on the road near his home, which is about three miles from Juntura, Oregon, and asked him for the money and the defendant said he did not then have the money with which to pay the debt.

"Q. Did he promise he would pay it at any future time?

"A. He said I was young and single, and I didn't need the money at the present time, and he needed it to support his family on. * *

"Q. Did you have this note with you at the time you made the demand?

"A. No, sir."

The defendant S. E. Blaylock, as a witness in his own behalf, denied that any request was ever made for the payment of the money due on the promissory note until this action was commenced, when a copy of the complaint, containing a demand for judgment, was served upon him. P. J. Gallagher, the plaintiff's attorney, testified that he informed his client of the necessity of making a demand upon the defendant for the payment of the note before commencing an action thereon. Referring to the occasion of such advice, the witness further testified:

"Some time after that Mr. Blaylock, the defendant in this case, came into my office in Juntura, and we had a conversation relative to some other business matters that I was looking after for Mr. Hodges, and he at that time wanted to employ me to take care of his side of the case, and I told him that I could not at that time. In that conversation he made this statement to me: That Hodges was treating him unfair in the matter regarding their business transactions; that he had already made a demand on him for the amount due on this note—I think the note at that time was not

hardly a month old, I think; but the demand had been made, and Hodges wasn't treating him right, and he didn't think he would pay the note, and wasn't going to pay it.''

Provisions of the Negotiable Instruments Act are relied upon as constituting the manner of making demand for the payment of the amount of the note, viz.:

''Presentment for payment is not necessary * * to charge the person primarily liable on the instrument; but if the instrument is by its terms payable at a special place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment upon his part; but except as herein otherwise provided, presentment for payment is necessary in order to charge the drawer and indorsers'': Section 5903, L. O. L.

''Presentment for payment, to be sufficient, must be made (1) by the holder, or by some person authorized to receive payment on his behalf; (2) at a reasonable hour on a business day; (3) at a proper place, as herein defined; (4) to the person primarily liable on the instrument, or, if he is absent or inaccessible, to any person found at the place where the presentment is made'': Section 5905, L. O. L.

''Presentment for payment is made at the proper place (1) where a place of payment is specified in the instrument and it is there presented; (2) where no place of payment is specified, but the address of the person to make payment is given in the instrument, and it is there presented; (3) where no place of payment is specified and no address is given, and the instrument is presented at the usual place of business or residence of the person to make payment; (4) in any other case, if presented to the person to make payment wherever he can be found, or if presented at his last known place of business or residence'': Section 5906, L. O. L.

''The instrument must be exhibited to the person from whom payment is demanded, and when it is paid

must be delivered up to the party paying it'': Section 5907, L. O. L.

''Where there are several persons, not partners, primarily liable on the instrument, and no place of payment is specified, presentment must be made to them all'': Section 5911, L. O. L.

1. If these statutory requirements must be observed, in order legally to demand from a maker the payment of a promissory note on which there is no indorser or other person secondarily liable, so as to entitle the holder to recover attorneys' fees provided for in the negotiable instrument, as special damages in case of default, it will be seen from the testimony referred to that there were failures to comply with the provisions of the enactment quoted. Since the formal demand so specified is required only in order to charge an indorser or some other person secondarily liable on a negotiable instrument, it must necessarily follow, from the maxim, *''Expressio unius est exclusio alterius,''* that any reasonable request to pay a demand note, of the kind referred to, is sufficient to put the maker in default if he fails to discharge the obligation.

It will be remembered the plaintiff testified he did not have with him the promissory note when he demanded from Mr. Blaylock the payment thereof. A text-writer, in discussing this subject, remarks:

''To render a presentment for payment sufficient, the instrument must be exhibited to the person from whom payment is demanded. This rule has been stated as follows: 'No valid presentment and demand can be made by any person without having the note in his possession at the time, so that the maker may receive it in case he pays the amount due, unless special circumstances, such as the loss of the note or its destruction, are shown to excuse its absence.' The right of such person to an actual exhibition or production of the instrument may be waived by failing to

ask for it, and refusing payment on other grounds'': Selover, Neg. Ins. (2 ed.), § 193.

In support of the last sentence repeated, the author cites the following cases: *Legg* v. *Vinal,* 165 Mass. 555 (43 N. E. 518) ; *Waring* v. *Betts,* 90 Va. 46 (17 S. E. 739, 44 Am. St. Rep. 890) ; *King* v. *Crowell,* 61 Me. 244 (14 Am. Rep. 560) ; *Lockwood* v. *Crawford,* 18 Conn. 361; *Gilpin* v. *Savage,* 60 Misc. Rep. 605 (112 N. Y. Supp. 802).

2. If, therefore, the note should have been presented in order to constitute a valid demand for its payment, and if the plaintiff's testimony is to be believed, which was for the jury to determine, the defendant S. E. Blaylock waived an exhibition of the negotiable instrument by not asking for it, and by refusing payment on the ground that he did not then have the money, and that he needed that sum with which to support his family.

No error was committed by the trial court, as alleged in several assignments not particularly referred to, and the judgment is affirmed. AFFIRMED.