## KNOX v. CAMPBELL et al.

No. 13655.

Court of Civil Appeals of Texas. Dallas.

Nov. 30, 1945.

818

See also 183 S.W.2d 274.

W. C. Holcomben, Ewing Adams, and H. M. Harrington, Jr., all of Longview, for appellant.

J. N. Townsend, of Dallas, for appellees.

BOND, Chief Justice.

█ This appeal is from a judgment in favor of appellees against appellant in suit to recover on a note alleged to have been executed and delivered by appellant. The note is fully described in the suit; and, it having been alleged that it was lost, misplaced, or destroyed; and, appellant having filed a plea of non est factum, the burden of proof was thus placed upon appellees, not only to prove by extrinsic evidence the terms and conditions of the note, but also the execution and delivery thereof. These were issues of fact necessary to effectively establish the cause of action.

█ On the issue of execution of the note, appellees offered several witnesses who testified that from their long acquaintance with the appellant, their business dealings with him, familiarity with his signature, and having seen the note in suit, they knew his signature, and that the signature on the note in question was that of appellant. These witnesses were not experts on handwriting, nor was their testimony based on doubtful conclusions. True, they were not present when the note was executed, hence did not see its execu-

tion; but they were positive of appellant's signature. Appellant testified that he did not execute the note; but the trial court, on such controverting. evidence, determined the issue in favor of appellees.

The cases cited by appellant, Joffre v. Mynatt, Tex.Civ.App., 206 S.W. 951, and Keppler v. Stevens, Tex.Civ.App., 14 S.W. 2d 1054, deal with testimony of expert witnesses by comparison; clearly not in point with the testimony in this case. We are confronted here by testimony controlling in cases like unto Pitts v. Thompson, Tex.Civ.App., 71 S.W.2d 368, where the testimony is by non-expert witnesses on facts within their own knowledge, thus accorded the same weight and credence as testimony by witnesses concerning any other known fact.

█ Appellant further contends that there is no evidence establishing delivery of the note; however, contravening such contention, on page 12, line 8, of his brief, appellant says: "The testimony as to the ownership of the note was to the effect that it was delivered to appellee, R. B. Campbell, and his partner, W. W. McDonald." Aside from that, we find that the testimony shows, without dispute, that appellees had the note in their possession in Dallas; had it in their office; delivered it to their attorney who exhibited it to one of the witnesses, and thereafter lost it. Art. 5932, sec. 16, R.S., provides that "Where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved." In 11 C.J.S., Bills and Notes, § 657 d. (1), p. 86, the rule of presumptive evidence is stated: "It is ordinarily presumed that an instrument in plaintiff's possession was delivered at the time and place of its date, but except as against a holder in due course the presumption is rebuttable." Hence, there being no rebuttable evidence offered, and the trial court having determined the issue, such is binding on this court.

█ We conclude that, the trial court having found from evidence which we think is sufficient to show due execution and delivery of the note, the judgment of the trial court should be affirmed; accordingly, all appellant's assignments of error are overruled, and judgment of the court below affirmed.

Affirmed.