**Bill M. DICKSON, Appellant,**

v.

**Muriel J. DICKSON, Appellee.**

No. 13416.

Court of Civil Appeals of Texas.

Houston.

April 16, 1959.

Rehearing Denied May 21, 1959.

Bill M. Dickson, pro se, Houston, for appellant.

Fred D. Jamail, C. B. Stanley, Houston, for appellee.

WERLEIN, Justice.

Appellee, Muriel J. Dickson, brought this suit against appellant, Bill M. Dickson, to recover on an undated promissory note in the sum of $3,000 alleged to have been executed and delivered to appellee on or about January 14, 1958, payable in monthly installments of $200 each on or before January 15, 1958, and the 15th day of each succeeding month thereafter, and secured by second or third lien evidenced by a deed of trust on certain realty. Said note provided that failure to pay any installment when due would, at the election of the holder, mature the same. Appellee alleged that appellant defaulted in the January 15, 1958, payment and all subsequent payments thereon, and that thereupon appellee declared said note to be fully matured in the sum of $3,000 plus 10% attorney's fees as provided in the note.

The case was tried to the court without a jury. The court rendered judgment in favor of appellee in the sum of $3,000 together with $300 attorney's fees, from which judgment appellant has perfected his appeal. Foreclosure of the deed of trust lien was not sought.

Appellant's First, Second, Third and Fourth Points of Error assert that the court erred in rendering judgment for appellee because there was no evidence, or insufficient evidence, to show that appellee presented said note and demanded payment of any installments owing thereon before exercising her option to accelerate the maturity of the note.

The note was not payable at any certain place, and contained no provision of waiver of demand, grace, notice and presentment for payment. No formal demand was made upon appellant at his office, and no notice was given by appellee to appellant prior to filing suit that in the event the past-due installments were not paid on the note, she would accelerate the maturity thereof. Ordinarily presentment and demand for payment are not necessary to charge the maker or acceptor of a negotiable instrument, but the rule is different where the note is not payable at a specific place and the holder undertakes to declare the whole amount due on the maker's failure to pay any installment. Faulk v. Futch, 147 Tex. 253, 214 S.W.2d 614, 5 A.L.R.2d 963; Parker v. Mazur, Tex.Civ.App., 13 S.W.2d 174, writ dism.; Jernigan v. O'Brien, Tex.Civ.App., Austin, 303 S.W.2d 515.

It is necessary to examine all the testimony adduced at the trial in order to determine whether a sufficient demand and presentment were made or waived before maturing the note. Appellant testified that he had made payments on the note to appellee, and supposed he would pay by cash or check. He believed one payment was made by check and the rest were made in the form of cash. He produced no cancelled check or receipt. Appellee, on the other hand, testified that no payments had been made on the note. Since the Court made no findings of fact or conclusions of law, it will be presumed from the fact the judgment is for the full amount of the principal of the note, that the court believed the testimony of appellee and concluded that no payments had been made on the note.

There was evidence that shortly before suit was filed on the note appellant and appellee and her attorney were in the office

of Helm & Jones. Appellant testified that he did not remember discussing the note at that time, but he did recall appellee's attorney trying to hold up a certain settlement there in order to extract certain funds from him. He denied that he told appellee that he was not going to pay a dime on the note. Appellant admitted he signed the note as a part of the property settlement between him and appellee, his former wife.

Appellee testified with respect to what occurred at the meeting in the office of Helm & Jones substantially as follows: that appellant at that time stated, with respect to the money he expected to receive, he had no intention of catching up the payments on the note; that she had asked appellant for money on the note, and he had not paid anything in response to such requests; that after he refused to make any payment she turned the matter over to her attorney and authorized him to file suit; and that the entire amount of $3,000 was owing on the note at the time of trial. On cross-examination by appellant, she testified that appellant's refusal to pay on the note up in the offices of Helm & Jones was approximately in the period of either March or April, or it could have been May, she didn't recall. We quote the following from her testimony:

"Q. Now, I believe according to your testimony, what you were saying was that some discussion was had with reference to applying the money received from Helm & Jones toward payment of this particular note or on this particular indebtedness? A. I believe the request was to at least catch the payments up.

"Q. Catch the payments up? A. Yes, sir.

"Q. And there was no refusal on the part of the defendant to ever pay the note or anything of that nature? A. I believe the defendant's statement was that he would take care of that when he got around to it."

When asked, "You don't know what he meant?" she answered, "You could assume it was the note."

We are of the opinion that the foregoing testimony amply supports the presumed finding of the court that demand had been made for payment of the past-due installments of the note. Appellee, when questioned if she had asked appellant for money on the note, answered in the affirmative. She further testified that he had not paid anything, in response to those requests; and that after he refused to make any payment she turned the matter over to her attorney.

Appellant's first question in cross-examining appellee was "You say the refusal to pay on the note up in the offices of Helm & Jones; when was that, around March or April?" Appellant then apparently undertook to show that the refusal of payment was a refusal to pay out of particular funds; but appellee did not so answer, but did answer, "I believe the request was to at least catch the payments up." While the testimony is meager and somewhat vague as to the scope of appellee's demand for payment and appellant's refusal to pay, the question asked by appellant in cross-examining appellee, in which he refers to his refusal to pay, indicates in some measure his interpretation of the occurrence. There would be no occasion for a refusal unless a demand was made.

We think appellant's statement that "he would take care of that when he got around to it" was the equivalent of a refusal to pay the installments that were then past due and owing, and that such statement sufficiently supports the presumed finding of the trial court that appellant refused to pay when demand was made.

Appellant's Fifth, Sixth, Seventh and Eighth Points are to the effect that the Court erred in rendering judgment for appellee because there is no evidence, or insufficient evidence, to show that appellee presented said note to appellant at his of-

fice and made formal demand upon appellant to pay any installments owing on said note before exercising her option to accelerate the maturity thereof.

■ The note did not designate any place of payment, and hence was payable at the place of business or office of appellant. In Faulk v. Futch, supra, the court held that where the acceleration clause in a promissory note leaves the option with the holder whether he will declare the whole amount due upon failure to pay any installment of principal and interest, such holder cannot without presentment for payment exercise his option to declare the whole amount due, if no specific place of payment is expressed in the note. Article 5937, Vernon's Ann.Tex.St., Sec. 73, Subd. 3, provides:

"Sec. 73. Presentment for payment is made at the proper place:

\* \* \* \* \* \*

"3. Where no place of payment is specified and no address is given and the instrument is presented at the usual place of business or residence of the person to make payment; \* \* \*".

If appellant expressly or impliedly waived presentment and his right to require that demand and presentment be made at his office, the court did not err in rendering judgment for appellee. In Faulk v. Futch, supra, the court stated:

"Respondents owned the note at the time demand was made of the petitioners for payment thereof, but petitioners had the right for their protection to demand the presentment of the note before the installments were paid. The testimony does not show that petitioners failed to pay the installments due on the note on the ground that respondents did not present the note at that time, but Faulk made the statement, according to the testimony of Futch, that they were unable to pay the installments due. The petitioners had the right to demand the present-

ment of the note when payment of same was demanded by respondents, as provided for under Article 5937, Section 74, supra, *and they could also waive their right to have the note actually exhibited.* Freudenberg v. Lucas, 38 Cal.App. 95, 175 P. 482; Greenstein v. Kucharski, 107 Conn. 269, 140 A. 482; Porter v. East Jordan Realty Co., 210 Mich. 398, 177 N.W. 987, 11 A.L.R. 963; Hodges v. Blaylock, 82 Or. 179, 161 P. 396; Waring v. Betts, 90 Va. 46, 17 S.E. 739, 44 Am.St.Rep. 890." [147 Tex. 253, 214 S.W.2d 616.] (Emphasis ours.)

■ After weighing all the evidence, we are of the opinion that appellant, by his conduct and failure to place his refusal to pay on the ground that presentment and demand were not made at his office, waived presentment and also his right to require that demand and presentment be made at his place of business. The law applicable is well stated in the annotation to the case of Porter v. East Jordan Realty Co., 11 A.L.R. at page 978, as follows:

"But it is generally held that the paper need not actually be exhibited unless such exhibition is demanded. Citizens' Bank [of Pleasantville] vs. First Nat. Bank (1907) 135 Iowa 605, 13 L.R.A. (N.S.) 303, 113 N.W. 481; King v. Crowell (1873) 61 Me. 244, 14 Am.Rep. 560; Fisher v. Beckwith (1846) 19 Vt. 31, 46 Am.Dec. 174. It was stated in Legg v. Vinal (1896) 165 Mass. 555, 43 N.E. 518, that while the maker of a note is entitled, upon demand for payment, to have the note exhibited to him, yet if he does not ask to see the note, and refuses to pay it on other grounds, this is a sufficient presentment to bind an indorser. Failure of the bank on which a check is drawn to demand an exhibition of the instrument, and an unqualified refusal to pay it, is a waiver of the production. Citizens' Bank [of Pleasantville] v. First Nat. Bank (Iowa) supra; Porter

v. Thom (1899) 40 App.Div. 34, 57 N.Y.Supp. 479, affirmed without opinion in (1901) 167 N.Y. 584, 60 N.E. 1119."

If presentment may be thus waived where demand and presentment are necessary to fix the liability of an indorser, a fortiori it may be waived as between the maker and payee of a negotiable instrument where ordinarily it is not required at all.

■ Appellant contends in Points Nine and Ten that there is no evidence, or insufficient evidence, that appellee, prior to accelerating the maturity of the note, notified appellant she was going to declare the entire note due unless he paid the past-due installments. It is true that there is no evidence that appellee gave appellant such notice prior to suit. Under the circumstances of the present case and in the absence of any provision in the note specifying some particular manner of giving notice, we think the filing of suit by appellee for the full amount of the indebtedness was sufficient notice that she had matured the entire indebtedness because of appellant's failure to pay the installment due January 15, 1958, and all subsequent installments past due on the note.

There appears to be some conflict, more apparent than real, in the authorities as to just what notice is required as a prerequisite to maturing a note because of default in the payment of one or more installments thereof. Appellant relies largely on Brown v. Hewitt, Tex.Civ.App., 143 S.W.2d 223, writ ref.; Curtis v. Speck, Tex.Civ.App., 130 S.W.2d 348, writ ref.; Jernigan v. O'Brien, supra, and Parker v. Mazur, supra. We think that these cases are distinguishable from the instant case. In those cases the maturity of the note was accelerated prior to any demand for payment of the past-due installment of principal or interest, or there were facts which called for relief in equity because of some character of inequitable conduct, coupled with the further fact that when it became known to the makers of the notes that the holder

had accelerated the maturity thereof, they immediately tendered all delinquent payments and kept the tenders good during the pendency of the cause in which they sought equitable relief. Such facts do not exist in the present case.

In the instant case there is no pleading or evidence of either the ability or willingness on the part of appellant to pay the note. The court, as shown by its judgment, found that no payments whatever had been made. In this respect, the case at hand is distinguishable from those cases in which late installment payments had been accepted by the payee, who thereafter undertook to mature the entire note upon default in the timely payment of another installment, without giving the maker notice of such intention and a reasonable time in which to pay such delinquent installment.

In Jernigan v. O'Brien, supra, the proof showed that no demand prior to the institution of the suit was made of appellant for payment of the note or any part thereof before declaring the entire note due and placing it in the hands of an attorney for collection. Moreover, the payee's petition failed to allege any demand before maturing the note. Although demand was not alleged in the petition in the present suit, the evidence of demand was introduced without any objection being made to its admission. The issue was therefore tried by consent of the parties. The exceptions to appellee's pleading and appellant's motion for judgment were not presented to the court for ruling and were, therefore, waived. Rules 67 and 90, Texas Rules of Civil Procedure.

■ We think that since appellee made demand for the past-due installments and formal presentment was waived by appellant's conduct, as hereinabove stated, this case falls within the rule announced in Kyle v. Commercial Credit Co., Inc., Tex. Civ.App., 152 S.W.2d 465, 467, in which the court said:

"It is the law that in the case of a note payable in installments or series

of notes authorizing the holder, at his option, to declare same due for default in the payment of any prior installment of interest or principal, that the filing of suit for the entire debt evidences the exercise of the option, and want of notice of the intention to exercise such option is no defense. Dieter v. Bowers, 37 Tex.Civ.App. 615, 84 S.W. 847; Seaboard Bank & Trust Co. v. Amuny, Tex.Civ.App., 6 S.W.2d 186, affirmed Tex.Com.App., 23 S.W.2d 287; Natali v. Witthaus, 134 Tex. 513, 135 S.W.2d 969, loc. cit. 977.

"The above proposition should perhaps be qualified by the statement that it is valid only where the note does not provide for notice; further, there must be an actual default as to the installments of interest or principal."

See also Dieter v. Bowers, 84 S.W. 847, 849, in which the court stated:

"The contract is to be enforced as the parties have made it. It had not provided any particular form or manner for declaring the notes due, but gave the owner and holder of the notes in general terms the right to declare them due, which he could do in any manner he saw fit. The filing of the suit was a declaration of that purpose."

The foregoing statement was quoted with approval by Section B, Commission of Appeals, in Amuny v. Seaboard Bank & Trust Co., Tex.Com.App., 23 S.W.2d 287. See also Natali v. Witthaus, Tex.Com.App. Sec. B, 134 Tex. 513, 135 S.W.2d 969, and Gresham v. McElroy, Tex.Civ.App., 309 S.W.2d 84.

Appellant's contention that the evidence is not sufficient to show that the promissory note in question was executed by appellant on or about January 14, 1958, is without merit. Appellant testified that he thought the note was executed about the 19th day of December, 1957. His testimony seems to be predicated upon the fact that the

divorce was granted at such time. It will be noted, however, that while the note is not dated, the year 1958 and not 1957 appears thereon. Moreover, the deed of trust which was introduced in evidence and which was executed on January 14, 1958, refers to the note in question as being of even date therewith.

The Negotiable Instruments Act, Article 5932, Sec. 6, V.A.T.S., provides:

"Sec. 6. The validity and negotiable character of an instrument are not affected by the fact that: 1. It is not dated * * *".

█ It has generally been held that a discrepancy between the recital of the date of execution or of maturity of a note and the actual date thereof is not a fatal variance. Roberts v. J. B. Colt Co., Tex.Civ. App., 31 S.W.2d 196, writ dism.; First National Bank of Rockwall v. Stephenson, 82 Tex. 435, 18 S.W. 583; Finklea v. First State Bank, Tex.Civ.App., 247 S.W. 320; Smith v. Citizens' National Bank, Tex.Civ.App., 246 S.W. 407; 6 Tex.Jur., Sec. 272, Bills and Notes, page 947.

█ We think the other Points raised by appellant are without merit and the same are overruled. Appellant admitted the execution of the note and even testified that he had made payments thereon to appellee. Appellee testified without objection that she was owner and holder of the note. Moreover, the possession and introduction in court by appellee of the note sued upon was prima facie evidence of ownership, particularly when appellee was named as the payee. Felton v. Davenport, Tex.Civ. App., 148 S.W.2d 988. Further, proof of delivery of the note in the hands of the payee was not necessary. Davies v. Pegues, Tex.Civ.App., 125 S.W.2d 642; Knox v. Campbell, Tex.Civ.App., 191 S.W.2d 817; Article 5932, Sec. 16, V.A.T.S.

We have carefully reviewed all of the testimony and have concluded that the judg-

ment rendered by the trial court is not against the great weight and preponderance of the evidence, and that it should be affirmed.

Judgment affirmed.